[Mayfield v. Moore.]

# Mayfield *v.* Moore.

### *Action of Assumpsit.*

1. *Officers; right of deputy sheriff to compensation for services; admissibility of evidence.*—The right of a deputy sheriff who was regularly appointed by the sheriff, to compensation for services performed by him as such deputy sheriff for his principal, is not contingent upon the sheriff having collected the compensation allowed by law for the services rendered by the deputy; and in an action by a deputy sheriff against a sheriff for the value of the services rendered, it is competent for him to prove the services he performed as deputy, even though the sheriff may not have received the compensation allowed him for such services.

APPEAL from the Law and Equity Court of Walker. Heard before the Hon. PEYTON NORVELL.

This suit was brought by the appellant, S. J. Mayfield, against the appellee, J. S. Moore. The plaintiff was deputy sheriff under the defendant, and sued to recover a designated sum for work and labor done and services performed by him as such deputy sheriff for the defendant. The complaint contained the common counts.

The facts of the case are sufficiently stated in the opinion. From a judgment in favor of the defendant, the plaintiff appeals, and assigns as error the rulings of the court upon the evidence.

ACUFF & ACUFF, for appellant.—In the absence of contract as to salary, the deputy has a remedy against the principal on *quantum meruit.*—9 Amer. & Eng. Ency. of Law, (2d ed.), 383, 384.

COLEMAN & BANKHEAD, *contra.*—A deputy sheriff is an officer of the court.—*White v. State,* 44 Ala. 413.

A deputy sheriff was at common law merely the agent,

27

servant and bailiff to the sheriff, but by the statute he is recognized as an independent public officer.—*Dayton v. Lynes*, 30 Conn. 351; *Coite v. Synes*, 33 Conn. 109; U. S. Digest, 442.

Where no salary or fees are annexed to the office it is a naked office—honorary—and is supposed to be accept-ed merely for the public good.—*State v. Stanley*, 8 Am. Rep. 489. Emoluments are not an essential element of an office.—*State v. Kennon*, 7 Ohio St. 547; *State v. Stanley*, 8 Am. Rep. 488.

HARALSON, J.—The plaintiff, who was the deputy sheriff under the defendant J. S. Moore, who was the sheriff, sues said Moore for three hundred dollars for work and labor done and services performed by him as deputy sheriff, for his principal, the defendant.

The plaintiff testified that he was the deputy of the defendant, who sent him a regular commission by mail, appointing him as deputy sheriff; that he served papers for him from the time he was appointed, up to the time this suit was commenced; that there was no contract be-tween him and defendant of any kind; that defendant first sent him his commission, and he went to work for him serving papers. He further offered to prove, that as deputy for defendant, he served several hundred legal papers; the length of time and the amount of trouble it took to serve them, and what would be reasonable com-pensation to plaintiff for the labor he had done for, and the services he had as deputy rendered to, defendant.. The court stated to counsel: "That the court held, that before the plaintiff can recover in this case, he must show that he has not only done the work, but that de-fendant has received the compensation allowed therefor, fixed by law, and that when this is shown, plaintiff will be entitled to recover from the defendant the fees fixed by law to the sheriff, regardless of what his services are worth"; that it made "no difference how much official work the plaintiff has done for the defendant, he is not entitled to recover anything for the doing of said work, unless the defendant has received compensation there-

[Mayfield v. Moore.]

for," and, therefore, the proof offered was incompetent, to which ruling of the court, the plaintiff excepted. The plaintiff had stated, that he did not intend to undertake to prove that the defendant had collected the legal fees for the services he, the plaintiff, had rendered him.

Upon this ruling, the plaintiff declined to introduce further evidence, and the defendant offered none. The court, at the request of the defendant, gave the general charge in his favor.

The statute provides, that the sheriff, "must have one deputy, and may have as many as he thinks proper."— Code, § 3738. It specifies the fees to which the sheriff is entitled.—§§1377, 1356. No fees are allowed for a deputy sheriff.

In the case of *State v. Brewer,* 59 Ala. 134, it was correctly held, that those who accept public offices, which require them to render services to the State, must take the office *cum onore,*—the rendition of such services gratuitously, unless by express statutory provision compensation is fixed, and an express liability for its payment imposed on the State. This decision is referred to by counsel as being opposed to the right of plaintiff to recover. A sufficient reply to that suggestion is, that the deputy there was, unlike the one here, seeking compensation for his services out of the State or county. But, he is making no such claim here. He is seeking compensation for services from defendant, who employed him to render them. It seems to be right in principle and on authority, that where the law gives no compensation for deputies, they must be paid by the officer, who employs them, and for which he has a remedy against his principal on a *quantum meruit.*—9 Am. & Eng. Ency. Law, (2d ed.), 384.

In *McWilliams v. Richland County,* 16 Ill. App (Bradwell), in which State, as here, by statute, the sheriff alone is authorized to appoint his deputies, it is said: "The matter of compensation of the deputy and the mode of its payment, is wholly a matter of contract and arrangement between the sheriff and the deputy; the law has not assumed to regulate it. If the sheriff sees fit to give his entire compensation and allowances,

and even more, to the deputy, as a consideration for his services, neither the board of supervisors, nor any one else has a right to complain."

In the case of the *State v. Holman*, 123 Ind., which was a case where a deputy surveyor sought to hold the county liable for services rendered his principal, it was held that the county, there being no statute to authorize it, could not be made liable. The court added: "It is believed to be the universal rule, that when the law fixes no compensation for deputies, they must be paid by the officer who employed them." In the District of Columbia, as to their appointment, duties and compensation, the same regulations apply between deputy marshals and their principals, as govern between sheriffs and their deputies in this State.

In *Douglass v. Wallace*, 161 U. S. 349, the Supreme Court said, as to deputy marshals: "Although deputies are recognized by law as necessary to the proper administration of the marshal's office they receive from the government neither salaries nor fees, and the government has no dealings directly with them. The accounts are rendered by the marshal, who charges not only for his services, but for those of each of his deputies, who are appointed by the marshal personally and are accountable to him alone. * * * The marshal makes his own bargains with the deputies and is unrestricted in the amount he shall pay them, which may be either a salary or a proportion of the fees earned by them. * * * Their claims for services against the marshal, stand upon the same footing as those of an ordinary employe against an employer, and are not ever contingent upon the marshal collecting his own accounts against the United States."

It follows that the court erred in the refusal to allow the plaintiff to introduce the evidence proposed.

Reversed and remanded.