17 So.2d 536

**MOSELY v. KENNEDY.**

2 Div. 195.

Supreme Court of Alabama.

April 13, 1944.

Winston E. Brown, of Selma, and Hill, Hill, Whiting & Rives, of Montgomery, for appellant.

Wilkinson & Wilkinson and Pitts & Pitts, all of Selma, for appellee.

STAKELY, Justice.

A number of persons, charged with distilling prohibited alcoholic liquor, were duly convicted and adjudged guilty in the circuit court of Dallas County during the period from January 16, 1939, through and including June 19, 1942. In this period J. E. Kennedy, appellee, was Sheriff of Dallas County and Johnnie C. Mosely, appellant, was his chief deputy. The question for decision is whether the appellant or the appellee is entitled to receive the rewards provided for in § 102, Title 29, Code of 1940. This statute is as follows:

"§ 102. Fifty dollars allowed sheriff or officer furnishing evidence to support conviction taxed as costs.—Whenever any person is convicted in the circuit court of unlawfully distilling or manufacturing or making any of the prohibited liquors or beverages as defined by this title, there shall be charged in the bill of costs to be paid and collected as other items of costs, the sum of fifty dollars, to be allowed the sheriff or other officer or person who furnished the evidence and brought about the conviction, and who shall satisfy the presiding judge that he is the person entitled to said sum, and shall receive from the judge a certificate to that effect."

The case is presented by a bill in equity filed by Johnnie C. Mosely seeking a declaratory judgment or decree under § 156 et seq., Title 7, Code of 1940, the answer and cross-bill filed thereto by J. E. Kennedy and the evidence taken in connection therewith. Decree was rendered by the lower court in favor of J. E. Kennedy and this appeal is from that decree.

It was necessary for the statute, quoted supra, to mention specifically the sheriff or other officer in order to state the public policy of the State that such officers might claim the reward. Otherwise the sheriff or other officer could not claim a reward for performance of a service which it was his duty to discharge. 46 Am.Jur. § 17, p. 114; 54 C.J. pp. 786–788.

In § 1, Title 11, Code of 1940, it is prescribed that "the law of fees and costs must be held to be penal, and no fee must be demanded or received except in cases expressly authorized by law." The sheriff is under the duty to secure evidence, apprehend and arrest persons guilty of unlawfully distilling or manufacturing or making prohibited liquors or beverages. § 5, Title 54, Code of 1940. The sheriff is compensated by fees expressly provided by statute. §§ 34 and 100, Title 11, Code of 1940. These fees, so expressly provided, do not include the fifty dollars allowed as a reward under § 102, Title 29, Code of 1940, quoted above.

We think it clear that the reward allowed by the aforesaid section is not a fee to be allowed a sheriff, because he is sheriff, although that is important in view of the nature of his duties, but rather is a reward to spur individual initiative and diligence, whether the individual acts in an official or private capacity. We further think that this statement of principle includes a chief deputy, as he too is an officer. Andrews v. State, 78 Ala. 483.

In general there is no reason why the service contemplated as the basis for a reward may not be provided by and through an agent or employee.

"A party is entitled to recover a reward only if he has accepted the offer by per-

forming the specified services. It is not necessary that he personally render the services; he may show performance by a third person who was acting in or for his interest, as by his agent or servant." 46 Am.Jur. p. 117.

"Performance may be by the agent of the claimant." 53 C.J. 790.

See also citation of cases, McClaughry v. King, 8 Cir., 147 F. 463, 7 L.R.A.,N.S., p. 218, 8 Ann.Cas. 856.

■ In general the acts of the deputy sheriff are the acts of the sheriff. The deputy sheriff is the alter ego of the sheriff. Rogers v. Carroll, 111 Ala. 610, 20 So. 602; Hereford v. Brentz, 192 Ala. 465, 68 So. 350; National Surety Co. v. Boone, 227 Ala. 599, 151 So. 447.

■ The undisputed proof shows that when Johnnie Mosely was appointed Chief Deputy by J. E. Kennedy, the agreement between them was that Johnnie Mosely was to receive as compensation for his services $150 per month, $125 of which was to be paid by Dallas County and $25 of which was to be paid by J. E. Kennedy. As between them, in respect to the compensation of the deputy, the relationship was that of employer and employee. Mayfield v. Moore, 139 Ala. 417, 36 So. 21; § 3, Title 54, Code of 1940.

■ Johnnie C. Mosely took an active part in all the cases involved in this suit. We conclude that a proper decision in this case turns on whether Johnnie C. Mosely furnished the evidence and brought about the convictions while acting on his own responsibility and initiative as an officer or individual or whether this result was achieved under the leadership of the sheriff through the facilities and activities of the sheriff's organization, of which Johnnie C. Mosely was only a part. Answer to this question lies in the evidence.

The case was tried before the court on evidence given orally before the court. In the language of its decree, the court decided that Johnnie C. Mosely was not entitled to the rewards "in that he was a deputy Sheriff and but a mere employee of the Respondent during the time of the arrest of the parties mentioned in the bill of Complaint." Tendencies of the evidence support this conclusion. It is our duty to accord this finding a presumption, and we will not disturb it where it is not plainly erroneous. McClurkin v. McClurkin, 206 Ala. 513, 90 So. 917; Caples v. Young,

206 Ala. 282, 89 So. 460; Taylor v. Hoffman et al., 231 Ala. 39, 163 So. 339.

This presumption is emphasized by § 102, which provides that the certificate provided in this statute shall go to the one "who shall satisfy the presiding judge that he is the person entitled to said sum." The lower court was satisfied that the appellee was entitled to the rewards and so decided. We sustain this finding.

The judgment of the lower court is affirmed.

Affirmed.

GARDNER, C. J., and BOULDIN and FOSTER, JJ., concur.