On September 15, 1985, William Blevins, a prisoner in the Jefferson County jail serving a sentence of life without parole, was mistakenly released instead of William BlevinsMcCrary, also a prisoner at the jail, who was to have been released pursuant to a suspension of his sentence. On October 14, 1985, Blevins robbed George Hereford and Terry Parks at the Quality Auto Parts store, which they own and operate. Blevins was later arrested and convicted of the robbery.
Hereford and Parks sued Jefferson County; Melvin Bailey, individually and in *Page 210 
his capacity as sheriff of Jefferson County; Deputy Ernest Poelnitz; Deputy Walter Brandon; Deputy Al Finley; and Deputy Deidre Poole, alleging negligence and wantonness in releasing Blevins. The trial court entered a summary judgment for Poelnitz, to which the plaintiffs consented, and, on Poole's motion, severed the claim against her. On August 21, 1990, the trial court entered a summary judgment for all of the remaining defendants. Hereford and Parks appeal.
Our first inquiry is whether the defendants are immune from suit. If they are, then the judgment for them was proper. InParker v. Amerson, 519 So.2d 442 (Ala. 1987), the Eleventh Circuit Court of Appeals asked this Court to decide whether a sheriff is an employee of a county for purposes of holding the county vicariously liable. We held that a sheriff is an employee of the state, rather than a county, based on the following constitutional provision: "The executive department shall consist of a governor . . . and a sheriff for each county." Article V, § 112, Alabama Constitution of 1901. As executive officers, sheriffs have sovereign immunity under Article I, § 14, of the Alabama Constitution, which reads: "[T]he State of Alabama shall never be made a defendant in any court of law or equity." The only exceptions to such immunity are for actions brought against a sheriff:
 "(1) to compel him to perform his duties, (2) to compel him to perform ministerial acts, (3) to enjoin him from enforcing unconstitutional laws, (4) to enjoin him from acting in bad faith, fraudulently, beyond his authority, or under mistaken interpretation of the law, or (5) to seek construction of a statute under the Declaratory Judgment Act if he is a necessary party for the construction of the Statute."
519 So.2d at 443. None of those exceptions applies here.
We also held in Parker v. Amerson, supra, that Ala. Code 1975, § 14-6-1, which made a sheriff civilly liable for the acts of his jailer, was unconstitutional as being in derogation of Article I, § 14, of the Alabama Constitution. Applying the holdings of that case to the instant case, we are compelled to conclude that Sheriff Bailey, as an executive officer of the State of Alabama, has sovereign immunity under § 14; thus, Jefferson County cannot be vicariously liable. See, also,Oliver v. Townsend, 534 So.2d 1038 (Ala. 1988).
We must reach the same conclusion with regard to Deputies Brandon and Finley. In Mosely v. Kennedy, 245 Ala. 448, 450,17 So.2d 536, 537 (1944), this Court stated, "In general, the acts of the deputy sheriff are the acts of the sheriff. The deputy sheriff is the alter ego of the sheriff." (Citations omitted.) In dealing with the same issue that is present here, the federal appellate court in Carr v. City of Florence, Alabama,916 F.2d 1521, 1526 (11th Cir. 1990), affirmed summary judgments for the Lauderdale County sheriff and his deputies, stating:
 "[Under Alabama law, a] deputy is legally an extension of the sheriff. If the deputy's acts are generally considered the acts of the sheriff, it is logical that those acts should also enjoy the immunity covering the sheriff's own acts."
We hold, therefore, that the summary judgments for defendants Jefferson County, Sheriff Bailey, and Deputies Brandon and Finley were correct and are due to be affirmed.
AFFIRMED.
HORNSBY, C.J., and SHORES, ADAMS and INGRAM, JJ., concur.