[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 302 
The plaintiff, Ottis J. Wright, appeals from a summary judgment for the defendants, Sheriff Melvin Bailey and Deputy Sheriffs Reginald Turner and Quincy Davis, in a wrongful death action. We affirm.
On the morning of May 24, 1987, Deputies Turner and Davis were patrolling U.S. Highway 78 near the Jefferson-Walker County line. The Booby Trap Lounge, a nightclub, is located in this area. At approximately 4:00 a.m. that morning, Jeffery Lynn Townley, while intoxicated, drove his automobile out of the parking lot of the Booby Trap Lounge. He turned right and proceeded to drive his car west in the eastbound lane of U.S. Highway 78. Turner and Davis saw Townley leaving the parking lot and pursued him, but they were unable to stop him before his car struck a car driven by Nina Sue Wright. Mrs. Wright was killed in the collision.
On February 21, 1989, Ottis J. Wright, as administrator of his wife Nina's estate, brought a wrongful death action against Townley, Deputies Turner and Davis, Sheriff Bailey, Jefferson County, and Wesley Chappell d/b/a Wesley's Booby Trap Lounge. This appeal concerns only Wright's claims against Bailey, Turner, and Davis. Wright alleged that Turner and Davis negligently permitted Townley to enter his car and drive when they knew he was intoxicated. Wright further alleged that Turner and Davis were liable under 42 U.S.C. § 1983, because, he said, they violated Mrs. Wright's Fourteenth Amendment right to life; specifically, he said, they had intentionally and recklessly allowed an intoxicated individual to enter his car and drive. Finally, Wright alleged that Bailey was liable under § 1983 because, he said, as sheriff, Bailey had a practice of encouraging his deputies to permit intoxicated individuals to enter their cars and drive in order to enhance charges against them from public intoxication to driving while intoxicated.
On April 6, 1989, Bailey, Turner, and Davis moved to dismiss Wright's complaint. The trial court granted the motion to dismiss as to the wrongful death action against Bailey, but not as to the § 1983 claim against him, but denied the motion as to the negligence claims and the § 1983 claims against Turner and Davis. On December 17, 1990, Bailey, Turner, and Davis moved for a summary judgment. On March 16, 1992, the trial court entered a summary judgment for Bailey, Turner, and Davis on all claims that had not been previously dismissed. The court made the summary judgment final, pursuant to Rule 54(b), Ala.R.Civ.P. Wright appeals the summary judgment as to his negligence claims against Turner and Davis and as to his § 1983 claims against Bailey, Turner, and Davis.
"In reviewing the disposition of a motion for summary judgment, we utilize the same standard as the trial court in determining whether the evidence before [it] made out a genuine issue of material fact" and whether the movant was "entitled to a judgment as a matter of law." Bussey v. John Deere Co.,531 So.2d 860, *Page 303 
862 (Ala. 1988) (citing Chiniche v. Smith, 374 So.2d 872
(Ala. 1979)); Rule 56(c), Ala.R.Civ.P. When the movant has carried the burden of making a prima facie showing, by admissible evidence, that there is no genuine issue of material fact and that the movant is entitled to a judgment as a matter of law, the party opposing the summary judgment has the burden of presenting substantial evidence creating a genuine issue of material fact. Bass v. SouthTrust Bank of Baldwin County,538 So.2d 794, 797-98 (Ala. 1989); Ala. Code 1975, § 12-21-12. "Substantial evidence" is "evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v. Founders Life Assurance Co. of Florida,547 So.2d 870, 871 (Ala. 1989); Ogle v. Long, 551 So.2d 914, 915
(Ala. 1989). Our review is further subject to the caveat that this Court must review the record in a light most favorable to the nonmovant, resolving all reasonable doubts against the movant. Hanners v. Balfour Guthrie, Inc., 564 So.2d 412, 413
(Ala. 1990); Wilson v. Brown, 496 So.2d 756, 758 (Ala. 1986);Harrell v. Reynolds Metals Co., 495 So.2d 1381, 1383
(Ala. 1986).
 I. Negligence of Deputies Turner and Davis
Wright argues that the summary judgment for Turner and Davis was improper as to his negligence claims, because, he says, Turner and Davis do not have sovereign immunity and the evidence against them would support a jury's finding that Turner and Davis breached a duty of care to Mrs. Wright by failing to arrest Townley before he left the parking lot of the Booby Trap Lounge.
We must first determine whether Turner and Davis are entitled to sovereign immunity. In Oliver v. Townsend, 534 So.2d 1038
(Ala. 1988), we held that a sheriff is an employee of the state and, as such, is immune from suit, in his official capacity, for negligent performance of his statutory duties. See Ala. Const., art. 1, § 14. In Hereford v. Jefferson County,586 So.2d 209 (Ala. 1991), we held that deputy sheriffs are immune from suit to the same extent as sheriffs. In Hereford, we relied upon Mosely v. Kennedy, 245 Ala. 448, 450, 17 So.2d 536,537 (1944), stating: "In general, the acts of the deputy sheriff are the acts of the sheriff. The deputy sheriff is the alter ego of the sheriff." We also relied upon Carr v. City ofFlorence, Alabama, 916 F.2d 1521, 1526 (11th Cir. 1990), stating: "[Under Alabama law, a] deputy is legally an extension of the sheriff. If the deputy's acts are generally considered the acts of the sheriff, it is logical that those acts should enjoy the same immunity covering the sheriff's own acts." Seealso White v. Birchfield, 582 So.2d 1085 (Ala. 1991).
In this case, Wright alleged that Turner and Davis were negligent in failing to arrest Townley, because, he says, they knew or should have known that Townley was intoxicated and, he says, they had an opportunity to restrain him before he drove out of the club's parking lot. Because a sheriff would have immunity in a suit alleging negligent failure to perform an arrest, we conclude that Turner and Davis are entitled to immunity.
The summary judgment for Turner and Davis was proper on the ground that they have immunity; thus, we find no need to address the sufficiency of Wright's evidence of negligence against Turner and Davis.
 II. Claims Pursuant to 42 U.S.C. § 1983
Wright argues that the summary judgment for Bailey, Turner, and Davis was improper as to his § 1983 action. Wright says Turner and Davis acted with deliberate indifference toward his wife's safety as a driver on Highway 78, in violation of herFourteenth Amendment rights, by intentionally or recklessly permitting Townley to drive while intoxicated. Wright also says that Bailey instituted a practice or policy among his deputies of permitting intoxicated individuals to enter their cars and drive in order to charge them with driving while intoxicated instead of the lesser offense of public intoxication, and he says this practice constituted deliberate indifference *Page 304 
to his wife's safety, in violation of her Fourteenth Amendment rights.
Title 42 U.S.C. § 1983 provides:
 "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."
"Section 1983 alone creates no substantive rights; rather it provides a remedy for deprivations of rights established elsewhere in the Constitution or federal laws." Cornelius v.Town of Highland Lake, Alabama, 880 F.2d 348, 352 (11th Cir. 1989), cert. denied, 494 U.S. 1066, 110 S.Ct. 1784,108 L.Ed.2d 785 (1990).
 A. Turner and Davis
Wright asserts that Turner and Davis deprived his wife of her life, without due process of law, in violation of theFourteenth Amendment, because they failed to protect her from an intoxicated driver. The Due Process Clause provides that "[n]o State shall . . . deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. In DeShaney v. Winnebago County Department of SocialServices, 489 U.S. 189, 109 S.Ct. 998, 103 L.Ed.2d 249 (1989), the Supreme Court held:
 "[N]othing in the language of the Due Process Clause itself requires the State to protect the life, liberty, or property of its citizens against invasion by private actors. The Clause is phrased as a limitation on the State's power to act, not as a guarantee of certain minimal levels of safety and security. . . . [I]ts language cannot fairly be extended to impose an affirmative obligation on the State to ensure that [substantive due process] interests do not come to harm through other means.
". . . .
 "[Therefore], as a general matter, . . . a State's failure to protect an individual against private violence simply does not constitute a violation of the Due Process Clause."
DeShaney, 489 U.S. at 195-97, 109 S.Ct. at 1003. However, the Supreme Court has recognized that state officials may have a duty to protect an individual's substantive due process interests from private acts of violence where a special relationship exists between the state and the victim or between the state and the aggressor. City of Revere v. MassachusettsGeneral Hospital, 463 U.S. 239, 244, 103 S.Ct. 2979, 2983,77 L.Ed.2d 605 (1983); Youngberg v. Romeo, 457 U.S. 307, 314,102 S.Ct. 2452, 2457, 73 L.Ed.2d 28 (1982). Generally, the relationships that require a state to protect an individual's substantive due process interests against private violence are ones where the victim or the aggressor is in the State's custody. See Revere, 463 U.S. at 244, 103 S.Ct. at 2983 (Due Process Clause required state to provide medical care to suspects in police custody who had been injured while being apprehended); Youngberg, 457 U.S. at 314, 102 S.Ct. at 2457
(Due Process Clause required state to provide involuntarily committed mental patients with such services as were necessary to ensure their reasonable safety from themselves or others);Cornelius v. Town of Highland Lake, Alabama, 880 F.2d 348 (11th Cir. 1989) (Due Process Clause required prison and town officials to protect town clerk from violent criminal assigned to prison work squad at town hall); Wells v. Walker,852 F.2d 368, 371 (8th Cir. 1988), cert. denied, 489 U.S. 1012,109 S.Ct. 1121, 103 L.Ed.2d 184 (1989) (Due Process Clause required state corrections officials to protect a store owner from assault by a released prisoner transported by officials to the victim's store as the closest commercial transportation pick-up point);Nishiyama v. Dickson County, Tennessee, 814 F.2d 277 (6th Cir. 1987) (Due Process Clause required sheriff to protect a motorist from violence at the hands of an inmate who stopped a motorist by flashing blue light of patrol car given to the inmate by the sheriff because of inmate's "trusty" status); Doev. New York City Department of Social Services, 649 F.2d 134,141-42 (2d Cir. 1981), after remand, 709 F.2d 782, cert. *Page 305 denied sub nom. Catholic Home Bureau v. Doe, 464 U.S. 864,104 S.Ct. 195, 78 L.Ed.2d 171 (1983) (Due Process Clause required state to protect children in foster homes from mistreatment at the hands of their foster parents).
In DeShaney the Supreme Court determined that a "special relationship" requiring State protection exists when the state so limits the victim's liberty that he is rendered unable to care for himself. DeShaney, 489 U.S. at 200, 109 S.Ct. at 1005. The Supreme Court reasoned:
 "In the substantive due process analysis, it is the State's affirmative act of restraining the individual's freedom to act on his own behalf — through incarceration, institutionalization or other similar restraint to personal liberty — which is the 'deprivation of liberty' triggering the protections of the Due Process Clause, not its failure to act to protect his liberty interests against harms inflicted by other means."
Id. The Supreme Court has also recognized that a state has a duty to protect an individual's substantive due process interests when the individual, as opposed to the general public, faces a special danger at the hands of a private aggressor and the state is aware of this danger. Martinez v.California, 444 U.S. 277, 100 S.Ct. 553, 62 L.Ed.2d 481 (1980) (circumstances did not pose a special danger to the victim not suffered by the general public); see Cornelius,880 F.2d at 354; Wells, 852 F.2d at 371; Commonwealth Bank Trust Co. v.Russell, 825 F.2d 12, 14-17 (3d Cir. 1987); Nishiyama,814 F.2d at 277; Ketchum v. Alameda County, 811 F.2d 1243, 1247
(9th Cir. 1987); Jones v. Phyfer, 761 F.2d 642 (11th. Cir. 1985);Fox v. Custis, 712 F.2d 84 (4th Cir. 1983); Bowers v. DeVito,686 F.2d 616, 618 (7th Cir. 1982). However, courts have consistently confined their use of the "special danger" exception to situations where a custodial relationship exists between the state and the aggressor. See Cornelius,880 F.2d at 354; Wells, 852 F.2d at 371; Nishiyama, 814 F.2d at 277.
Where the state merely fails to protect an individual, and no special relationship or special danger exists, the failure may be actionable under a state common law theory, but not under the Due Process Clause. Bowers, 686 F.2d at 618. Thus, even if we assume that Turner and Davis were negligent in failing to arrest Townley before he left the parking lot of the Booby Trap Lounge, mere negligence is not enough to implicate the Due Process Clause. See Daniels v. Williams, 474 U.S. 327, 333,106 S.Ct. 662, 666, 88 L.Ed.2d 662 (1986). For Wright to maintain a § 1983 action against Turner and Davis, his evidence must establish either that Turner and Davis acted affirmatively to deprive Mrs. Wright of her life or that, by virtue of a special relationship or a special danger, Turner and Davis had a constitutional duty to protect Mrs. Wright from an intoxicated driver.
In support of his § 1983 action, Wright presented his affidavit, in which he states that, while attending Townley's preliminary hearing on a homicide charge, "deputies Reginald Turner and Quincy Davis . . . advised him that they were at Wesley's Booby Trap Lounge on highway 78 when . . . Townley come out of . . . [the lounge] and started staggering towards his car." He said, "They went behind the lounge and waited until [Townley] had gotten in the car and drove up behind him as he was leaving the parking lot." In addition, Wright presented the affidavit of his mother-in-law, Lucille Mullins. Mullins stated that she also was present at Townley's preliminary hearing and that she overheard Turner and Davis tell Wright that they "saw . . . Townley staggering in the parking lot of the Booby Trap Lounge going to his car," and that "[t]hey went over and waited behind the . . . [l]ounge . . . for him to get in his car and pulled up behind him when he pulled out of the parking lot and went across Highway 78." Mullins further stated that one of "[t]he officer[s] concluded by saying that they should have arrested him before he left the parking lot instead of waiting until he got out to the road." Both Davis and Turner testified at their depositions that they did not remember talking with Wright or Mullins at Townley's preliminary hearing and that they never saw, nor told Wright and Mullins that they saw, Townley staggering in the parking lot of the Booby Trap Lounge. *Page 306 
This evidence in no way indicates that Turner and Davis acted affirmatively to deprive Mrs. Wright of her life. At most, it indicates that Turner and Davis failed to arrest a driver they knew was intoxicated, and thereby, failed to protect drivers on Highway 78 from an intoxicated driver. Although this conduct may constitute negligence, it does not violate the Due Process Clause.
Having determined that Turner and Davis did not violate the Due Process Clause by any affirmative act, we must now determine whether the evidence revealed a special relationship or a special danger requiring Turner and Davis to protect Mrs. Wright from Townley. Because the case law indicates that Wright must establish a custodial relationship between the state and Townley, or between the state and Mrs. Wright, to compel the State to protect Mrs. Wright, and the record indicates that no such relationship existed, we conclude that the state did not have a constitutional duty to protect Mrs. Wright. Accordingly, Turner and Davis cannot be liable under § 1983 for failing to arrest Townley.
 B. Sheriff Bailey
Turning to the § 1983 claim against Bailey, Wright argues that Bailey had a practice of encouraging his deputies to permit intoxicated individuals to enter their cars and drive in order to enhance a charge against them from public intoxication to driving while intoxicated. Wright says that Bailey's practice constituted deliberate indifference to his wife's safety, in violation of her Fourteenth Amendment right not to be deprived, by the state, of life, liberty, or property without due process of law.
Supreme Court has held that a state official with policymaking authority may be liable under § 1983 for implementing, or failing to implement, a policy or practice, if it constitutes deliberate indifference to the constitutional rights of individuals with whom the state has contact. Estellev. Gamble, 429 U.S. 97, 104-05, 97 S.Ct. 285, 291,50 L.Ed.2d 251 (1976). Likewise, this Court has held that a sheriff can be liable under § 1983 when his conduct constitutes deliberate indifference to another's constitutionally protected rights.Oliver v. Townsend, 534 So.2d 1038, 1047 (Ala. 1988).
Estelle was the first case to address the question of a state official's liability under § 1983 for implementing a policy that constituted deliberate indifference to another's constitutionally protected rights. Estelle, 429 U.S. at 104-05,97 S.Ct. at 291 (prisoner alleged that state officials violated his due process rights by failing to supply him with adequate medical treatment). Since Estelle, courts have considered a variety of § 1983 claims challenging state policies on the ground of deliberate indifference to constitutionally protected rights. See Popham v. City of Talladega, 908 F.2d 1561, 1563
(11th Cir. 1990) (per curiam) (jail suicide); Estelle v. Gamble,429 U.S. 97, 10405, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976) (medical treatment); Jensen v. Conrad, 747 F.2d 185 (4th Cir. 1984), cert. denied, 470 U.S. 1052, 105 S.Ct. 1754,84 L.Ed.2d 818 (1985) (child abuse); Brown v. City of Elba,754 F. Supp. 1551 (M.D.Ala. 1990) (police transportation). However, these courts, like the courts considering the "special relationship"/"special danger" exceptions, have not held state officials liable unless the claimant could establish a custodial relationship between the state and the victim or between the state and the aggressor.
Wright has not presented any evidence that shows a custodial relationship between the state and Mrs. Wright or between the state and Townley. Therefore, we conclude that Wright cannot maintain a § 1983 action against Bailey. Accordingly, we affirm the summary judgment for Bailey as to Wright's § 1983 action against him.
AFFIRMED.
MADDOX, SHORES, HOUSTON and KENNEDY, JJ., concur. *Page 307