Martha Ann Drain and her husband John Drain sued Oscar David Odom, a deputy sheriff, alleging that Deputy Odom had negligently and/or wantonly operated his motor vehicle so as to cause an automobile accident in which Mrs. Drain was injured. Deputy *Page 972 
Odom moved for a summary judgment, contending that he was immune from suit. The trial court granted Deputy Odom's motion, noting:
 "It is undisputed that at the time of the accident in this case the defendant, Oscar David Odom, was in the performance of his duties as a deputy sheriff for Jefferson County, Alabama, and was investigating burglaries. In the course of his investigation, he observed a motor vehicle parked at a Texaco service station, which he suspected had been involved in . . . burglaries. It was at this time and in this situation that he was involved in the accident which gives rise to this lawsuit."
This Court has held that a sheriff is an "executive officer of the State of Alabama" and, as such, is immune from suit, in his official capacity, for negligent performance of his statutory duties. Parker v. Amerson, 519 So.2d 442 (Ala. 1987); see also Wright v. Bailey, 611 So.2d 300 (Ala. 1992). Sheriffs have sovereign immunity under Article I, § 14, of the Alabama Constitution of 1901, except in actions brought
 "(1) to compel him to perform his duties, (2) to compel him to perform ministerial acts, (3) to enjoin him from enforcing unconstitutional laws, (4) to enjoin him from acting in bad faith, fraudulently, beyond his authority, or under mistaken interpretation of the law, or (5) to seek construction of a statute under the Declaratory Judgment Act if he is a necessary party for the construction of the statute."
Parker v. Amerson, 519 So.2d at 443. We have also held that deputy sheriffs are immune to the same extent as sheriffs. " 'In general, the acts of the deputy sheriff are the acts of the sheriff. The deputy sheriff is the alter ego of the sheriff.' "Wright v. Bailey, 611 So.2d at 303, quoting Carr v. City ofFlorence, Alabama, 916 F.2d 1521, 1526 (11th Cir. 1990).
Here, none of the exceptions noted in Parker v. Amerson
applies. Deputy Odom was not just on duty, but was pursuing an automobile he suspected had been used in burglaries when this accident occurred. Therefore, the summary judgment in favor of Deputy Odom was proper.
AFFIRMED.
HORNSBY, C.J., and MADDOX, SHORES and STEAGALL, JJ., concur.