HOUSTON, Justice
(concurring specially).
Sheriff Snead’s right to receive a retirement allowance from the Employees’ Retirement System of Alabama is based solely upon the consent judgment in Malcolm S. Brassell, et al. v. Dr. David Bronner, as Secretary-Treasurer, Employees’ Retirement System of Alabama (CV-1089, Montgomery Circuit Court, October 1, 1985).
Sheriff Snead is an officer of the State of Aabama.
“The executive department shall consist of ... a sheriff for each county.” Aabama Constitution of 1901, § 112. Sheriffs are constitutional officers of the State of Alabama. Hereford v. Jefferson County, 586 So.2d 209 (Aa.1991); Parker v. Amerson, 519 So.2d 442 (Aa.1987).
The Aabama Constitution, § 98, provides: “The Legislature shall not retire any officer on pay, or part pay, or make any grant to such retiring officer.” (Emphasis added.)
The case of Brassell v. Bronner was brought by taxpayers averring that elected state, county, and municipal officers were participating in the Employees’ Retirement System of Aabama in violation of § 98 of the Constitution. In the judgment entered by the trial court on October 1,1985, the Retirement System was enjoined from accepting contributions for coverage within the Retirement System from any elected officer “unless such coverage or participation is specifically authorized by amendment to the Constitution of Aabama and by law.” Excepted from this were “[tjhose elected officials presently covered and contributing to the system who would be properly participating in the System but for Section 98 of the Constitution of Aabama.” Under the consent judgment, such officials (which included Sheriff Snead) could continue to participate in the system as do nonelected employees.
The consent judgment further provided:
“Should any such officer leave elective office, he or she will not again be allowed to participate in the system as an elected officer if he or she is later elected to office following an interruption of service as an elected officer.”
(Emphasis added.)
The consent judgment from which no appeal was taken to any appellate court in the state, is a precarious perch for Sheriff Snead and other state, county, and municipal officers who are still participating in the retirement system over a perilous pitfall of unconstitutionality; therefore, it seems imprudent for one such officer to overreach.
The consent judgment does not permit Sheriff Snead to do what he attempted to do. Sheriff Snead was not “elected to office following an interruption of service as an elected officer.” Sheriff Snead was re-elected Sheriff before his voluntary 16-day interruption in service.
Therefore, the consent judgment and Aa. Code 1975, § 36-27-16(e)(l),[1] control and require that Sheriff Snead’s retirement allowance be suspended until he withdraws from service as sheriff.

. “Should any beneficiary ['Any person in receipt of a pension, an annuity, a retirement allowance or other benefit as provided by this article,” Ala. Code 1975, § 36-27-1(11)] be restored to active service from service retirement ... his retirement allowance shall be suspended until he again withdraws from service and he shall not again become a member of the Retirement System nor shall he make contributions....”