[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 930 
Lubie W. Griffith sued Rufus Haralson, a Lowndes County deputy sheriff; the Lowndes County Sheriff's Department ("the sheriff's department"); and other fictitiously named parties on theories of negligence and wantonness stemming from a motor-vehicle accident. Griffith alleges in her complaint that the accident occurred on June 30, 1999, on an unnamed public thoroughfare near Interstate 65 and U.S. Highway 31 in Montgomery County, when the vehicle being driven by Deputy Haralson collided with her vehicle. The vehicle driven by Deputy Haralson at the time of the accident is allegedly owned by the sheriff's department. Griffith claims that she has incurred property damage and suffers personal injuries, including bruises, contusions, and injuries to her head, neck, legs, arms, and back. She seeks compensatory and punitive damages.
On August 1, 2001, Deputy Haralson and the sheriff's department filed a motion to dismiss the complaint, arguing (1) that Griffith's claims against the sheriff's department are barred because, it says, the department is not a legal entity, and, therefore, is not subject to being sued, (2) that the claims against Deputy Haralson are barred by the doctrine of sovereign immunity, now referred to as State immunity,[1]
(3) that the claims are barred because Griffith was contributorily negligent, and (4) that punitive damages are not recoverable because, they say, Griffith's claims are, in essence, claims against the State. The trial court denied the motion, and the defendants petitioned this Court for a writ of mandamus directing the trial court to dismiss Griffith's claims against *Page 931 
them. We grant the petition in part and deny it in part.
"A writ of mandamus is a
 "`drastic and extraordinary writ that will be issued only when there is: 1) a clear legal right in the petitioner to the order sought; 2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; 3) the lack of another adequate remedy; and 4) properly invoked jurisdiction of the court.'"
Ex parte Wood, 852 So.2d 705 (Ala. 2002) (quoting Ex parte United Serv.Stations, Inc. 628 So.2d 501, 503 (Ala. 1993)). A petition for a writ of mandamus "is an appropriate means for seeking review of an order denying a claim of immunity." Ex parte Butts, 775 So.2d 173, 176 (Ala. 2000).[2]
A State agency or employee can also seek this Court's review of an order denying a claim of immunity by petitioning for permission to appeal an interlocutory order pursuant to Rule 5, Ala.R.App.P. Butts, 775 So.2d at 176.
In reviewing the denial of a motion to dismiss by means of a mandamus petition, we do not change our standard of review. Id.; see also Wood, 852 So.2d at 709 (review of a denial of a summary-judgment motion grounded on a claim of immunity by means of a petition for a writ of mandamus does not change the applicable standard of review). Under Rule 12(b)(6), Ala.R.Civ.P., a motion to dismiss is proper when it is clear that the plaintiff cannot prove any set of circumstances upon which relief can be granted. Cook v. Lloyd Noland Found., Inc., 825 So.2d 83, 89 (Ala. 2001). "`In making this determination, this Court does not consider whether the plaintiff will ultimately prevail, but only whether [she] may possibly prevail.'" Id. (quoting Nance v. Matthews, 622 So.2d 297, 299
(Ala. 1993)). We construe all doubts regarding the sufficiency of the complaint in favor of the plaintiff. Butts, 775 So.2d at 177.
 I. Dismissal of Claims Against the Sheriff's Department
It is clear under Alabama law that the sheriff's department is not a legal entity subject to suit. King v. Colbert County, 620 So.2d 623, 626
(Ala. 1993) ("[A] [s]heriff's [d]epartment is not a legal entity. Therefore, one cannot maintain an action against it."); White v.Birchfield, 582 So.2d 1085, 1086 (Ala. 1991) (citing Art. I, § 14, Constitution of Alabama of 1901, "[T]he State of Alabama shall never be made a defendant in any court of law or equity."). Griffith cannot maintain an action against the sheriff's department, and her claims against it are due to be dismissed.
 II. Immunity of Deputy Haralson
Deputy Haralson argues that he is an executive officer of the State pursuant to the Alabama Constitution of 1901, Art. V, § 112. Deputy Haralson argues that as an executive officer he is entitled, under Art. I, § 14, to immunity from being sued. Deputy Haralson argues that his immunity extends to the execution of the duties of his office and that Griffith's complaint fails to allege any of the enumerated exceptions to such immunity. See Parker v. Amerson, 519 So.2d 442 (Ala. 1987). Finally, Deputy Haralson argues that even when sheriffs or deputy sheriffs are sued under theories of negligence or bad faith, the *Page 932 
only exception to § 14 allowed by this Court is to enjoin the conduct of the State official, and, here, no such injunctive relief was requested. See Alexander v. Hatfield, 652 So.2d 1142 (Ala. 1994).
Griffith argues that Deputy Haralson is not entitled to immunity simply because he asserts that he is a State officer. See Mitchell v. Davis,598 So.2d 801, 806 (Ala. 1992). Instead, Griffith argues that Deputy Haralson is entitled to immunity only if he was "on duty" and/or was acting within the scope of his employment at the time of the accident. Griffith claims that it is not clear whether Deputy Haralson was acting under the authority of the State at the time of the accident, and that without evidence indicating that he was acting under such authority, the trial court correctly denied his motion to dismiss.
A sheriff is an executive officer of this State pursuant to the Alabama Constitution of 1901, Art. V, § 112. Parker, 519 So.2d at 443. As an executive officer, a sheriff is immune from being sued in the execution of the duties of his office under Art. I, § 14, Alabama Const. 1901.Id. at 442-43. Furthermore, a sheriff, as an employee of the State, "is immune from suit, in his official capacity, for negligent performance of his statutory duties." Alexander, 652 So.2d at 1143; Parker, 519 So.2d at 442-43; Wright v. Bailey, 611 So.2d 300, 303 (Ala. 1992).
This Court has held that deputy sheriffs are immune to the same extent sheriffs are immune because "`[t]he deputy sheriff is the alter ego of the sheriff.'" Hereford v. Jefferson County, 586 So.2d 209, 210 (Ala. 1991) (quoting Mosely v. Kennedy, 245 Ala. 448, 450, 17 So.2d 536, 537
(1944)). A deputy sheriff acting in his "official capacit[y] and individually" is immune from suit when the action is one against the State. See Phillips v. Thomas, 555 So.2d 81, 83 (Ala. 1989). See alsoHereford, 586 So.2d at 210 (deputy sheriffs were entitled to State immunity for their actions in releasing a prisoner); see also Wright, 611 So.2d at 303 (deputy sheriffs were entitled to State immunity for their negligent failure to arrest a motorist); Drain v. Odom, 631 So.2d 971
(Ala. 1994) (deputy sheriff was entitled to State immunity, in his official capacity, for actions taken in performance of his duties as deputy sheriff); Alexander, 652 So.2d at 1144 (deputy sheriff was entitled to State immunity for actions taken while "on duty").
Under Art. I, § 14, Alabama Const. 1901, the only exceptions to State immunity for State officers such as deputy sheriffs sued in their official capacity are as follows:
 "[A]ctions brought (1) to compel him to perform his duties, (2) to compel him to perform ministerial acts, (3) to enjoin him from enforcing unconstitutional laws, (4) to enjoin him from acting in bad faith, fraudulently, beyond his authority, or under mistaken interpretation of the law, or (5) to seek construction of a statute under the Declaratory Judgment Act if he is a necessary party for the construction of the statute."
Parker, 519 So.2d at 443.
Deputy Haralson argues that he is entitled to immunity under the holding of Parker with respect to the performance of his official duties. In his reply brief to this Court, Deputy Haralson contends that he was "operating a [sheriff's department] vehicle, in uniform, and on sheriff's department business" at the time of the accident. However, the record presently contains no evidence as to whether Deputy Haralson was acting in his official capacity as a deputy sheriff at the time of the accident. As Griffith argues in her brief:
 "There is no testimony to support that [Deputy Haralson] was in `hot pursuit' of *Page 933 
a suspect, creating [a] roadblock while working on an accident report, or some other official duty that would require a deputy to be on an interstate highway. Furthermore, he was not even within the boundaries of his authorized jurisdiction, Lowndes County."
We cannot conclude, at this early stage of the proceedings, without evidence showing that at the time of the accident he was acting within the line and scope of his employment, that Deputy Haralson is entitled to immunity. No State officer, such as a deputy sheriff, can avoid tort liability simply by claiming that his "`mere status as a [S]tate official cloaks him with the [S]tate's constitutional immunity.'" Phillips, 555 So.2d at 83 (quoting Barnes v. Dale, 530 So.2d 770, 781 (Ala. 1988)); see also Mitchell, 598 So.2d at 806. It is conceivable that Griffith could prove facts that would show that at the time of the accident Deputy Haralson was on a personal errand or otherwise had departed from the line and scope of his employment. If so, Griffith "may possible prevail" on her claims. See Nance, 622 So.2d at 299. Given the question presented by this mandamus petition — whether the trial court should have dismissed Griffith's claims against Deputy Haralson on the ground that he is entitled to State immunity — we conclude that Deputy Haralson has not shown that he has "`a clear legal right . . . to the order sought.'" Butts, 775 So.2d at 178 (quoting Ex parte United Serv.Stations, Inc., 628 So.2d at 503).
We emphasize that this mandamus petition asks us to direct the trial court to dismiss Griffith's claims, not to enter a judgment for her on the merits. After the parties have had the opportunity to conduct discovery, Deputy Haralson can, if he considers the evidence sufficient to establish immunity, seek a summary judgment on that ground. If he makes such a motion and the trial court denies it, he can again ask this Court to review his immunity claims, either by petitioning for permission to appeal pursuant to Rule 5, Ala.R.App.P., or by petitioning for a writ of mandamus pursuant to Rule 21, Ala.R.App.P.
Furthermore, Deputy Haralson's claim that Griffith's claim for punitive damages is barred because such damages are prohibited under § 6-11-26, Ala. Code 1975, must await a determination whether this action involves actions Deputy Haralson took in his official capacity.
 III. Conclusion
We grant the petition to the extent it seeks a writ directing the trial court to dismiss Griffith's claims against the sheriff's department. In all other respects, we deny the petition.
PETITION GRANTED IN PART AND DENIED IN PART; WRIT ISSUED.
Moore, C.J., and Houston, See, Brown, Johnstone, Harwood, Woodall, and Stuart, JJ., concur.
[1] See Ex parte Cranman, 792 So.2d 392 (Ala. 2000). The immunity available to the State in an action against the State is now referred to as "State immunity." The immunity available to individual defendants sued for actions taken on behalf of the State is now referred to as "State-agent immunity." 792 So.2d at 397. In Cranman, although we restated the rule governing State-agent immunity, we did not address the State immunity afforded to sheriffs and deputy sheriffs for actions taken while working in the line and scope of their employment, and we did not overrule Ex parte Purvis, 689 So.2d 794 (Ala. 1996). 792 So.2d at 396 n. 2. See also Ex parte Butts, 775 So.2d 173 (Ala. 2000), in which a majority of this Court adopted the Cranman restatement of the rule governing State-agent immunity.
[2] The denial of a motion to dismiss or a motion for a summary judgment generally is not reviewable by a petition for writ of mandamus, subject to certain narrow exceptions, such as the issue of immunity. Exparte Liberty Nat'l Life Ins. Co., 825 So.2d 758, 761-62 (Ala. 2002). Because Deputy Haralson has an "adequate remedy" by way of an appeal as to his claim that Griffith was contributorily negligent, we do not address that claim here.