871 So.2d 802 (2003)
Ex parte Rufus L. HARALSON.
(In re Lubie W. Griffith v. Rufus L. Haralson et al.)
1020783.
Supreme Court of Alabama.
July 18, 2003.
*803 Daryl L. Masters and Bart Harmon of Webb & Eley, P.C., Montgomery, for petitioner.
Edward S. Stoffregen III of Newman, Miller, Leo & O'Neal, Birmingham, for respondent.
George W. Royer, Jr., of Lanier Ford Shaver & Payne, P.C., Huntsville, for amicus curiae Alabama Sheriffs Association, in support of the petitioner.
J. Jeffery Rich of Sirote & Permutt, P.C., Huntsville, for amici curiae Madison County Sheriff Blake Dorning and Marshall County Sheriff Mac Holcomb, in support of the petitioner.
LYONS, Justice.
Lubie W. Griffith sued Rufus Haralson, a Lowndes County deputy sheriff; the Lowndes County Sheriff's Department ("the sheriff's department"); and other fictitiously named parties on theories of negligence and wantonness stemming from a motor-vehicle accident. The accident occurred on June 30, 1999, on an unnamed public thoroughfare near Interstate 65 and U.S. Highway 31 in Montgomery County, when the vehicle driven by Deputy Haralson allegedly collided with Griffith's vehicle. Griffith alleged that the sheriff's department owns the vehicle Deputy Haralson was driving at the time of the accident. Griffith claims that as a result of the accident she incurred property damage and suffered personal injuries, including bruises, contusions, and *804 injuries to her head, neck, legs, arms, and back. She seeks compensatory and punitive damages.
Deputy Haralson and the sheriff's department filed a motion to dismiss the complaint, asserting that they were protected from liability by State immunity. The trial court denied that motion, and the defendants petitioned this Court for a writ of mandamus directing the trial court to dismiss Griffith's claims against them. We granted the petition with respect to her claims against the sheriff's department and denied the petition with respect to the claims against Deputy Haralson. Ex parte Haralson, 853 So.2d 928 (Ala.2003) ("Haralson I"). We stated that the lack of evidence before this Court indicating that at the time of the accident Deputy Haralson "was acting within the line and scope of his employment" precluded this Court from concluding that Deputy Haralson was entitled to sovereign immunity as provided in the Alabama Constitution of 1901, Art. I, § 14, now referred to as State immunity.[1]Haralson I, 853 So.2d at 932.
After we denied the petition as to him, Deputy Haralson then filed a motion for a summary judgment in the trial court; the motion was supported by his own affidavit. Deputy Haralson's affidavit states, in pertinent part:
"2. On June 30, 1999, I was on-duty as a deputy sheriff with the Lowndes County Sheriff's Office.
"3. On June 30, 1999, I was traveling in a vehicle owned by the Lowndes County Commission and assigned to the Lowndes County Sheriff's Office on an unnamed road near Interstate 65 and U.S. Highway 31 in Montgomery County. I was involved in a motor-vehicle accident with Lubie W. Griffith on that unnamed road.
"4. At the time of the accident with Lubie W. Griffith, I was traveling to the Alabama Department of Forensic Sciences to drop off evidence in a case.
"5. I travel to the Alabama Department of Forensic Sciences as a normal part of my job duties with the Lowndes County Sheriff's Office.
"6. At the time of the accident, I was acting within the line and scope of my employment with the Lowndes County Sheriff's Office.
"7. At the time of the accident, I was not conducting a personal errand. In fact, I was `on duty' at the time of the accident."
In his summary-judgment motion, Deputy Haralson argues that he is entitled to State immunity because the undisputed evidence establishes that he was acting in the line and scope of his employment as a deputy sheriff at the time of the accident. The trial court denied Deputy Haralson's motion. Deputy Haralson then filed this petition for the writ of mandamus directing the trial court to grant his summaryjudgment motion.
A writ of mandamus is a
"drastic and extraordinary writ that will be issued only when there is: 1) a clear *805 legal right in the petitioner to the order sought; 2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; 3) the lack of another adequate remedy; and 4) properly invoked jurisdiction of the court."
Ex parte United Serv. Stations, Inc., 628 So.2d 501, 503 (Ala.1993); Ex parte AmSouth Bank, N.A., 589 So.2d 715, 717 (Ala. 1991). Generally, a denial of a summaryjudgment motion is not immediately reviewable by an appellate court. However, a denial of a summary judgment grounded on a claim of immunity is immediately reviewable by means of a petition for a writ of mandamus.[2]Haralson I, 853 So.2d at 931; Ex parte Wood, 852 So.2d 705 (Ala.2002).
Our review of the denial of a summary-judgment motion by means of a mandamus petition is the same as our review of an order granting a summaryjudgment motion. Wood, 852 So.2d at 708. "A motion for summary judgment is granted only when the evidence demonstrates that `there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.' Rule 56(c), Ala. R. Civ. P." Reichert v. City of Mobile, 776 So.2d 761, 764 (Ala.2000). We apply "the same standard as that of the trial court in determining whether the evidence before the court made out a genuine issue of material fact" and resolve all reasonable doubts against the moving party. Bussey v. John Deere Co., 531 So.2d 860, 862 (Ala.1988); System Dynamics Int'l, Inc. v. Boykin, 683 So.2d 419, 420 (Ala.1996); Ex parte Rizk, 791 So.2d 911, 912 (Ala.2000). In order to defeat a properly supported motion for a summary judgment, the nonmoving party must present substantial evidence creating a genuine issue of material fact. "Substantial evidence" is "evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989).
In Haralson I, we discussed the immunity available to deputy sheriffs:
"A sheriff is an executive officer of this State pursuant to the Alabama Constitution of 1901, Art. V, § 112. Parker [v. Amerson], 519 So.2d [442,] 443 [(Ala. 1987) ]. As an executive officer, a sheriff is immune from being sued in the execution of the duties of his office under Art. I, § 14, Alabama Const.1901. Id. at 442-43. Furthermore, a sheriff, as an employee of the State, `is immune from suit, in his official capacity, for negligent performance of his statutory duties.' Alexander v. Hatfield, 652 So.2d [1142,] 1143 [ (Ala.1994) ]; Parker, 519 So.2d at 442-43; Wright v. Bailey, 611 So.2d 300, 303 (Ala.1992).
"This Court has held that deputy sheriffs are immune to the same extent sheriffs are immune because `"[t]he deputy sheriff is the alter ego of the sheriff."' Hereford v. Jefferson County, 586 So.2d 209, 210 (Ala.1991) (quoting Mosely v. Kennedy, 245 Ala. 448, 450, 17 So.2d 536, 537 (1944)). A deputy sheriff acting in his `official capacit[y] and individually' is immune from suit when the action is one against the State. See Phillips v. Thomas, 555 So.2d 81, 83 (Ala.1989). See also Hereford, 586 So.2d at 210 (deputy sheriffs were entitled to State immunity for their actions in releasing *806 a prisoner); see also Wright, 611 So.2d at 303 (deputy sheriffs were entitled to State immunity for their negligent failure to arrest a motorist); Drain v. Odom, 631 So.2d 971 (Ala.1994) (deputy sheriff was entitled to State immunity, in his official capacity, for actions taken in performance of his duties as deputy sheriff); Alexander, 652 So.2d at 1144 (deputy sheriff was entitled to State immunity for actions taken while `on duty').
"Under Art. I, § 14, Alabama Const. 1901, the only exceptions to State immunity for State officers such as deputy sheriffs sued in their official capacity are as follows:
"`[A]ctions brought (1) to compel him to perform his duties, (2) to compel him to perform ministerial acts, (3) to enjoin him from enforcing unconstitutional laws, (4) to enjoin him from acting in bad faith, fraudulently, beyond his authority, or under mistaken interpretation of the law, or (5) to seek construction of a statute under the Declaratory Judgment Act if he is a necessary party for the construction of the statute.'
"Parker, 519 So.2d at 443."
Haralson I, 853 So.2d at 932.
Therefore, if Deputy Haralson was acting within the line and scope of his duties at the time of the accident, he would be entitled to State immunity because none of the exceptions quoted above apply in the instant case. However, the materials submitted to us in Haralson I contained no evidence indicating whether Deputy Haralson was acting in his official capacity as a deputy sheriff at the time of the accident, and we were thus precluded from determining that he was entitled to State immunity. 853 So.2d at 932-33. We emphasized in Haralson I that this Court could again review Deputy Haralson's immunity claims, if after discovery was conducted, he considered the evidence sufficient to establish that he is entitled to State immunity. 853 So.2d at 933.
The materials submitted to us in the present action include Deputy Haralson's affidavit, which states that he was delivering evidence to the Alabama Department of Forensic Sciences at the time of the accident. Although Griffith did not present any evidence in response to Deputy Haralson's affidavit, Griffith claims that it is unclear whether Deputy Haralson was "on duty" at the time of the accident and whether he was acting in a manner authorized by the State.
In Drain v. Odom, 631 So.2d 971 (Ala. 1994), the plaintiffs sued a deputy sheriff, alleging that the deputy had negligently and/or wantonly operated his motor vehicle and had thus caused an automobile accident. The deputy moved for a summary judgment, contending that he was entitled to immunity. 631 So.2d at 972. The trial court granted the motion after a finding that at the time of the accident the deputy was investigating burglaries, which was one of his official duties as a deputy. 631 So.2d at 972. This Court affirmed the trial court's summary judgment, stating that the deputy "was not just on duty, but was pursuing an automobile he suspected had been used in burglaries when this accident occurred." 631 So.2d at 971. See also Alexander v. Hatfield, 652 So.2d 1142 (Ala. 1994) (deputy sheriff granted immunity for actions taken when she was "on duty" and serving rule nisi petition); Hereford v. Jefferson County, 586 So.2d 209 (Ala.1991) (deputy sheriff granted immunity for actions taken while he was releasing a prisoner).
In the present action, Deputy Haralson stated that he was "on duty" at the time of the accident and that he was delivering evidence to the Alabama Department of *807 Forensic Sciences. Such an activity falls within the official duties of a deputy sheriff. Moreover, as in Drain, the evidence that Deputy Haralson was acting within the line and scope of his duties is undisputed. In order to defeat Deputy Haralson's properly supported motion for a summary judgment, Griffith had to present substantial evidence creating a genuine issue of material fact. West, 547 So.2d at 871. Griffith failed to do so.
Griffith's allegations that Deputy Haralson's affidavit has not been "subject to cross-examination or the discovery process" are without merit. It was Griffith's responsibility either to submit substantial evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment could reasonably infer that Deputy Haralson was not acting within the line and scope of his duty at the time of the accident or to seek the shelter of Rule 56(f), Ala. R. Civ. P., by offering an affidavit to explain to the court why she was unable to make such a substantive response. West, 547 So.2d at 871; Hope v. Brannan, 557 So.2d 1208, 1213 (Ala.1989).
Because this action involves actions taken by Deputy Haralson in his official capacity, Griffith's claims for compensatory and punitive damages are barred. See Phillips v. Thomas, 555 So.2d 81, 83 (Ala. 1989) (a deputy sheriff acting in his "official capacit[y] and individually" is immune from suit when the action is one against the State); § 6-11-26, Ala.Code 1975 (punitive damages may not be awarded against the State). Deputy Haralson has shown that he has "a clear legal right ... to the order sought." See Ex parte United, 628 So.2d at 503. We grant the petition and direct the trial court to enter a summary judgment in favor of Deputy Haralson.
PETITION GRANTED; WRIT ISSUED.
HOUSTON, SEE, BROWN, HARWOOD, WOODALL, and STUART, JJ., concur.
MOORE, C.J., dissents.
MOORE, Chief Justice (dissenting).
I dissent from the Court's issuance of a writ of mandamus directing the trial court to enter a summary judgment in favor of Deputy Haralson. The writ should not be issued because Deputy Haralson has another adequate legal remedy still available to him. The possibility exists that he could appeal by permission pursuant to Rule 5, Ala. R.App. P.
By this dissent, I do not wish to suggest that Deputy Haralson is or is not entitled to State immunity. Rather, in this particular situation a petition for writ of mandamus is not the proper method for review of the trial court's order.
NOTES
[1] The immunity available to the State in an action against the State is now referred to as "State immunity." Ex parte Cranman, 792 So.2d 392 (Ala.2000) (plurality opinion). The immunity available to individual defendants sued for actions taken on behalf of the State is now referred to as "State-agent immunity." 792 So.2d at 397. However, in Cranman, we did not address the State immunity afforded to sheriffs and deputy sheriffs for actions taken in the line and scope of their employment and we did not in that case overrule Ex parte Purvis, 689 So.2d 794 (Ala.1996). 792 So.2d at 396 n. 2. See also Ex parte Butts, 775 So.2d 173 (Ala.2000), in which a majority of this Court adopted the Cranman restatement of the rule governing State-agent immunity.
[2] A State agency or employee can also seek this Court's review of an order denying a claim of immunity by petitioning for permission to appeal an interlocutory order pursuant to Rule 5, Ala. R.App. P. Butts, 775 So.2d at 176; Ex parte Franklin County Dep't of Human Res., 674 So.2d 1277 (Ala.1996).