PITTMAN, Judge,
dissenting.
I respectfully dissent from the no-opinion affirmance of the trial court’s dismissal of the plaintiffs’ complaint alleging tort claims against a county sheriffs deputy, Kelvin Mitchell, that purportedly arose out of Deputy Mitchell’s intervention in a physical confrontation between Charles Cornner and Johnnie Cornner. In considering a dismissal of a complaint at the pleading stage for failure to state a valid claim, a court “ ‘ “does not consider whether the plaintiff will ultimately prevail, but only whether [she] may possibly prevail.” ’ ” Ex parte Haralson, 853 So.2d 928, 931 (Ala.2003) (“Haralson I”) (quoting Cook v. Lloyd Noland Found., Inc., 825 So.2d 83, 89 (Ala.2001), quoting in turn Nance v. Matthews, 622 So.2d 297, 299 (Ala.1993)). While I acknowledge the breadth of a deputy sheriffs immunity from liability espoused in the cases cited by the majority, the record at this stage does not currently include any evidence as to whether all of Deputy Mitchell’s actions that allegedly harmed the plaintiffs were within the scope of his official duties. Haralson I, 853 So.2d at 932; see also Ex parte Haralson, 871 So.2d 802 (Ala.2003) (“Haralson II ”). In my view, Haralson I, Haralson II, and Phillips v. Thomas, 555 So.2d 81 (Ala.1989), indicate that the summary-judgment stage is generally the appropriate point in litigation for determining immunity questions.