NABERS, Chief Justice
(concurring specially).
I concur to deny the petition for the writ of certiorari. I write specially, however, because I find this case troubling.
Unfortunately, the State Health Planning and Development Agency (“SHPDA”), the state agency responsible for administering the process through which the Shelby County Treatment Center (“SCTC”), one of the plaintiffs below, obtained approval for locating its methadone clinic in Saginaw, is not a party to this action. Therefore, while I am concerned that the petitioners, residents of Saginaw, have been misled about the potential location of the proposed methadone clinic, our hands are tied.
In their petition for a writ of certiorari, the petitioners present only one issue: they contend that their due-process rights have been violated. The petitioners do not assert their due-process claim against SHPDA, however. Instead, they assert the claim against SCTC — a private actor not subject to liability for an alleged due-process violation. See Wright v. Bailey, 611 So.2d 300, 304 (Aa.1992). Therefore, although the petitioners may have a viable due-process claim, they failed to bring that claim against the proper party.
In my view, the most disturbing aspect of this case is SHPDA’s apparent failure to fulfill its responsibility under Rule 410-1-7-.08, Aa. Admin. Code (Health Planning). Under that rule, SHPDA has the responsibility of accurately notifying persons affected by a proposed health facility or service of the location of the proposed facility or service. Here, the residents of Saginaw were not adequately notified about the potential location of SCTC’s methadone clinic in their town. Although the notice provided by SHPDA stated that the proposed clinic was to be located in Shelby County, the notice narrowed the potential location of the clinic to the Town of Calera. The clinic was not ultimately located in Calera, however, and the residents of Saginaw were not given the opportunity to voice their concerns about the clinic before SHPDA approved SCTC’s request to locate the facility in Saginaw. Sufficient notice under Rule 410-1-7-.08, if it means anything at all, must encompass accurate information about the location of the proposed health facility or service.
*1059 However, because no claim or argument relating to alleged insufficient notice under Rule 410-1-7-.08 is before us, I must concur to deny the writ.
STUART and BOLIN, JJ., concur.