THOMAS, Judge,
concurring specially.
The law provides, subject to certain exceptions not relevant here, that a sheriffs deputy, as the alter ego of the sheriff, “ ‘is immune from suit, in his official capacity, for negligent performance of his statutory duties.’ Alexander [v. Hatfield,] 652 So.2d [1142,] 1143 [ (Ala.1994) ]; Parker [v. Amerson,] 519 So.2d [442,] 442-43 [(Ala. *884 1987) ]; Wright v. Bailey, 611 So.2d 300, 303 (Ala.1992).” Ex parte Haralson, 853 So.2d 928, 932 (Ala.2003). Thus, if Michael Anthony Cumse is a sheriffs deputy and he was acting in the line and scope of his employment at the time of the alleged accident that injured the plaintiffs, he would be entitled to State immunity. See Ex parte Haralson, 871 So.2d 802, 806 (Ala.2003) (“[I]f Deputy Haralson was acting within the line and scope of his duties at the time of the accident, he would be entitled to State immunity .... ”). Based on the allegations in the complaint, which do not clearly identify Cumse as a deputy sheriff, however, the trial court could not possibly conclude that Cumse was a deputy sheriff or that he was entitled to State immunity.
The allegations of the amended complaint, which Cumse admitted, establish only that he was driver of the vehicle in which the plaintiffs were passengers and that the plaintiffs were in the custody of the Colbert County Sheriffs Department at the time of the accident. Those admissions fail to establish that Cumse is a deputy sheriff or that he was acting in the line and scope of his employment. The statements in Cumse’s motion to dismiss are insufficient to do so. Carver v. Foster, 928 So.2d 1017, 1025 (Ala.2005) (holding that statements of counsel in briefs are not evidence). Had Cumse filed an affidavit attesting to the fact that he was a deputy sheriff and that he was acting in the line and scope of his duties, the court would have had sufficient evidence upon which to conclude that Cumse was entitled to State immunity.[3] Without that proof, however, the trial court had no basis upon which to dismiss the complaint as to Cumse.
Because the allegations of the complaint do not reveal the identity of Cumse’s employer, I agree with the conclusion in the main opinion that most of the claims against Colbert County, which in large part hinged on its argument that Cumse was a deputy sheriff and therefore not employed by the County, were not properly dismissed. I also agree with the conclusion in the main opinion that the facts alleged in the complaint are sufficient to state a possible claim of negligent or wanton maintenance of the vehicle in which the plaintiffs were injured; therefore, the dismissal of that possible claim was improper as well.
PITTMAN, J., concurs.

. Because State immunity deprives a trial court of subject-matter jurisdiction, Ex parte Alabama Dep’t of Transp., 978 So.2d 17, 21 (Ala.2007), I agree with the main opinion that Cumse's motion is more properly considered a motion made pursuant to Rule 12(b)(1), Ala. R. Civ. P. Attaching an affidavit to a Rule 12(b)(1) motion attacking the trial court's subject-matter jurisdiction does not convert the motion into one for a summary judgment. Williams v. Skysite Commc'ns Corp., 781 So.2d 241, 245 (Ala.Civ.App.2000). I note that, because a deputy sheriff enjoys immunity for those acts performed within the line and scope of his or her duties, and because the amended complaint withdrew the allegation that Cumse was acting in the line and scope of his employment, Cumse's affidavit would have had to have alleged, in addition to his status as a deputy sheriff, facts to establish that his actions were in the line and scope of his duties to establish that he was entitled to State immunity. Ex parte Haralson, 871 So.2d at 806. Thus, because the facts underlying the question whether Cumse was acting in the line and scope of his duties might be disputed, a Rule 12(b)(1) motion may not have been the most appropriate vehicle by which to establish Cumse’s immunity.