MURDOCK, Justice.
Dallas County Sheriff Harris Huffman, Jr., and Dallas County Deputy Sheriff Ernest Larry Donaldson petition this Court for a writ of mandamus directing the Dallas Circuit Court to vacate its order denying their motion to dismiss a complaint filed by Marie Jemison alleging multiple claims against them in their individual capacities. We grant the petition and issue the writ.

I. Facts and Procedural History

Jemison alleged that on August 23, 2008, she was traveling on Lauderdale Avenue in Selma while, at the same time, Deputy Donaldson “was operating a motor vehicle in the line and scope of his agency and/or employment with the Dallas County Sheriffs Department.” According to Jemison, as she entered the intersection of Lauder-dale Avenue and Dallas Avenue, she was struck by Deputy Donaldson’s vehicle and, as a result, sustained serious personal injuries.
Jemison sued Deputy Donaldson, Donaldson’s supervisor Sheriff Huffman, the Dallas County Sheriffs Department, and the Dallas County Commission. Among other claims, Jemison alleged negligence and wantonness against Deputy Donaldson for the manner in which he operated his vehicle, negligent entrustment and negligent hiring, training, supervision, and retention against Sheriff Huffman, and vicarious liability against the Dallas County Sheriffs Department and the Dallas County Commission.
The defendants filed a motion to dismiss all claims, asserting a lack of subject-matter jurisdiction and a failure to state a claim upon which relief could be granted. Deputy Donaldson and Sheriff Huffman contended that they were immune from suit under the doctrine of State immunity, as well as under the doctrine of State-agent immunity. The Dallas County Sheriffs Department argued that it was not a suable entity. The Dallas County Commission contended that Deputy Donaldson was employed by Sheriff Huffman, not by the Commission, and that, therefore, the Commission could not be liable for Deputy Donaldson’s actions.
The Dallas Circuit Court granted the motion to dismiss in part, dismissing all Jemison’s claims against the Dallas County Sheriffs Department and the Dallas County Commission. The circuit court refused to dismiss Jemison’s claims against Deputy Donaldson and Sheriff Huffman and offered no explanation for the refusal.
Deputy Donaldson and Sheriff Huffman petition this Court for a writ of mandamus, arguing that they have a clear legal right to dismissal of the claims against them *897 based on State immunity or, alternatively, on State-agent immunity.

II. Standard of Review)

“A writ of mandamus is a
“ ‘drastic and extraordinary writ that will be issued only when there is: 1) a clear legal right in the petitioner to the order sought; 2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; 3) the lack of another adequate remedy; and 4) properly invoked jurisdiction of the court.’ ”
Ex parte Wood, 852 So.2d 705, 708 (Ala.2002) (quoting Ex parte United Serv. Stations, Inc., 628 So.2d 501, 503 (Ala.1993)). “It is well established that mandamus will lie to compel a dismissal of claim that is barred by the doctrine of sovereign immunity.” Ex parte Blankenship, 893 So.2d 303, 305 (Ala.2004). “A ruling on a motion to dismiss is reviewed without a presumption of correctness.” Newman v. Savas, 878 So.2d 1147, 1148-49 (Ala.2003).

III. Analysis

Deputy Donaldson and Sheriff Huffman contend that Jemison’s claims against them are barred by the doctrine of State immunity. Before analyzing this contention, we note that Jemison does not contest their contention with respect to Sheriff Huffman. Therefore, we proceed to examine whether Deputy Donaldson possesses State immunity as to the claims Jemison asserted against him. In order to do so, we must first examine the nature of the immunity afforded sheriffs under Alabama law.
“Article I, § 14, Const, of Ala.1901, states that ‘the State of Alabama shall never be made a defendant in any court of law or equity.’ This constitutional provision ‘has been described as a “nearly impregnable” and “almost invincible” “wall” that provides the State an un-waivable, absolute immunity from suit in any court.’ Ex parte Town of Lowndesboro, 950 So.2d 1203, 1206 (Ala.2006) (quoting Alabama Agric. & Mech. Univ. v. Jones, 895 So.2d 867, 872 (Ala.2004); Patterson v. Gladwin Corp., 835 So.2d 137, 142 (Ala.2002); and Alabama State Docks v. Saxon, 631 So.2d 943, 946 (Ala.1994)).
“Article V, § 112, Ala. Const.1901, provides in part that ‘[t]he executive department’ of the State of Alabama ‘shall consist of a governor ... and a sheriff for each county.’ Based on §§ 14 and 112 of the Alabama Constitution, this Court concluded in Parker v. Amerson, 519 So.2d 442, 442-43 (Ala.1987), that, aside from certain recognized exceptions not applicable here, ‘[a] sheriff is an executive officer of the State of Alabama, who is immune from suit under Article I, § 14, Alabama Constitution of 1901, in the execution of the duties of his office....’”
Ex parte Shelley, 53 So.3d 887, 890-91 (Ala.2009) (footnote omitted).
This Court recently noted:
“Generally, sheriffs enjoy State immunity under § 14 from actions against them in their individual capacities for acts they performed in the line and scope of their employment. [Ex parte ] Davis, 930 So.2d [497,] 500-01 [(Ala.2005) ] (noting in an action against a deputy sheriff that ‘a claim for monetary damages made against a constitutional officer in the officer’s individual capacity is barred by State immunity whenever the acts that are the basis of the alleged liability were performed within the course and scope of the officer’s employment’); see also [Ex parte ] Hale, 6 So.3d [452,] 457 [(Ala.2008)] (holding that acts by a sheriff, which gave rise to the plaintiffs claim against him, were taken ‘in the execution of his duties as *898 sheriff,’ and, thus, the sheriff was immune under § 14 from an action seeking damages against him in his individual capacity). This immunity is not unlimited and, in certain instances, § 14 does not protect sheriffs from an action against them in their individual capacity.” [1]
Suttles v. Roy, 75 So.3d 90, 94 (Ala.2010) (emphasis omitted).
“A sheriff is entitled to State immunity because of his status as a constitutional officer as detailed in Art. V, § 112, Ala. Const.1901. Suits against such officers for actions taken in the line and scope of their employment inherently constitute actions against the State, and such actions are prohibited by § 14. See [Ex parte ] Haralson, 853 So.2d [928,] at 932 [ (Ala.2003) ] (reiterating that ‘[a] sheriff is an executive officer of this State pursuant to the Alabama Constitution of 1901, Art. V, § 112 [and a]s an executive officer, a sheriff is immune from being sued in the execution of the duties of his office under Art. I, § 14, Alabama Const.1901’).”
Shelley, 53 So.3d at 895.
As to deputy sheriffs, this Court has held that
“deputy sheriffs are immune from suit to the same extent as sheriffs. ‘In general, the acts of the deputy sheriff are the acts of the sheriff. The deputy sheriff is the alter ego of the sheriff.’ Carr v. City of Florence, Alabama, 916 F.2d 1521, 1526 (11th Cir.1990), quoted with approval in Drain v. Odom, 631 So.2d 971, 972 (Ala.1994), and Wright v. Bailey, 611 So.2d 300, 303 (Ala.1992). ‘[Under Alabama law, a] deputy is legally an extension of the sheriff. If the deputy’s acts are generally considered the acts of the sheriff, it is logical that those acts should enjoy the same immunity covering the sheriffs own acts.’ Carr, at 1526, quoted with approval in Wright v. Bailey, at 303.”
Alexander v. Hatfield, 652 So.2d 1142, 1144 (Ala.1994). See also Shelley, 53 So.3d at 891-92 (explaining the alter ego status of deputy sheriffs as the basis for extending to them State immunity under § 14 of the Alabama Constitution).
Deputy Donaldson notes that Jemison’s complaint repeatedly acknowledges that the accident occurred while Donaldson was acting in the line and scope of his employment as a deputy sheriff. In the “Statement of the Parties” in the complaint, Je-mison declared that
“[a]t all times relative to the actions which are the basis of the claims made in this complaint, Defendant Ernest *899 Larry Donaldson[ ] was employed by the Defendant Dallas County Sheriffs Department and/or Office and Dallas County Commission as an officer — and was acting within the line and scope of his employment.”
(Emphasis added.) In the “Statement of Fact[s]” in the complaint, Jemison stated that “[o]n or about August 28, 2008, Ernest Larry Donaldson was operating a motor vehicle in the line and scope of his agency and/or employment with the Dallas County Sheriffs Department and/or Office in Selma, Alabama.” (Emphasis added.) In count 1 of the complaint — alleging negligence/wantonness — Jemison explained that “[o]n or about August 23, 2008, on a public roadway, Lauderdale Avenue at the intersection of Dallas Avenue in Dallas County, Alabama, Defendant Ernest Larry Donaldson was operating a vehicle for Dallas County Sheriffs Department and/or Office.” (Emphasis added.) She also stated that at the time of the accident
“Defendant, Ernest Larry Donaldson, was an agent, servant and/or employee of the Defendant, Harris Huffman, Jr., Dallas County Sheriffs Department and/or Office and Dallas County Commission, and was acting within the line and scope of his agency, service and/or employment for the Defendant, so that the Defendant is vicariously liable for the said negligence and wantonness that caused injury and harm to [Jemison].”
(Emphasis added.) In count 3 of the complaint — alleging negligent hiring, supervision, training, and retention — Jemison likewise averred that Deputy Donaldson was acting “within the line and scope of his agency, service and/or employment with the Defendants, Harris Huffman, Jr., Dallas County Sheriffs Department and/or [Office] and/or Dallas County Commission.” (Emphasis added.) Finally, in count 6 of the complaint — alleging respon-deat superior/vicarious liability — Jemison alleged that
“[t]he Defendants, Harris Huffman, Jr., Dallas County Sheriffs Department and/or Office and/or Dallas County Commission, is liable to [Jemison] under the respondeat superior doctrine and vicarious liability. At all times, Defendant Donaldson was acting in the line and scope of his employment with Dallas County Sheriff’s Department and/or Office, Harris Huffman, Jr., and/or Dallas County Commission.”
(Emphasis added.)
Because sheriffs are constitutional officers and because deputy sheriffs act on behalf of sheriffs as alter egos, a claim for monetary damages made against a deputy sheriff in his or her individual capacity is barred by the doctrine of State immunity whenever the acts that form the basis of the alleged liability were being performed within the line and scope of the deputy sheriffs employment. Jemison admitted in her complaint that Deputy Donaldson was acting in the line and scope of his employment as a Dallas County sheriffs deputy when his vehicle collided with her vehicle. Therefore, Deputy Donaldson is entitled to State immunity for the action that is the basis of Jemison’s claims against him. As Deputy Donaldson observes, Ex parte McWhorter, 880 So.2d 1116 (Ala.2003), and Ex parte Haralson, 871 So.2d 802 (Ala.2003) — both of which also involved motorist collisions with deputy sheriffs who were acting in the line and scope of their employment when the accidents occurred — support this conclusion.
Jemison contends that this conclusion does not follow because Deputy Donaldson is not entitled to State-agent immunity as articulated in Ex parte Cranman, 792 So.2d 392 (Ala.2000). Jemison’s argument is limited specifically to the fact, according to Jemison, that Deputy Donaldson acted *900 “beyond his authority” when he failed to “clear the intersection” because, in doing so, he “failfed] to discharge duties pursuant to detailed rules and regulations, such as those stated on a checklist.” Jemison’s brief, at 23 (citing Ex parte Butts, 775 So.2d 173, 178 (Ala.2000)).
In making this argument, Jemison misunderstands our immunity law.
“The doctrine of State immunity under § 14 of the Alabama Constitution, insofar as it operates to provide absolute immunity to certain State actors with respect to suits against them in their individual capacity for money damages, is a doctrine that is applicable to constitutional officers. Distinguishing between the immunity afforded in this regard by the doctrine of State immunity and that afforded by the doctrine of State-agent immunity, this Court has observed:
“ ‘When determining whether a State interest in an action against a state official or employee in his or her individual capacity is sufficient to trigger the immunity granted by § 14, our cases distinguish between the standards applied to those state agents or employees whose positions exist by virtue of legislative pronouncement and those who serve as the constitutional officers of this State. We have held that State-agent immunity may bar an action against a state agent or employee under the principles announced in Ex parte Cranman, 792 So.2d 392 (Ala.2000).... However, this Court has consistently held that a claim for monetary damages made against a constitutional officer in the officer’s individual capacity is barred by State immunity whenever the acts that are the basis of the alleged liability were performed within the course and scope of the officer’s employment.’
“Ex parte Davis, 930 So.2d 497, 500-01 (Ala.2005) (emphasis added).”
Shelley, 53 So.3d at 887. As this Court also has explained:
“This State immunity afforded sheriffs and deputies is not affected by this Court’s decision on State-agent immunity in Ex parte Cranman, 792 So.2d 392 (Ala.2000): ‘We do not deal here with the absolute immunity of witnesses, judges, prosecutors and legislators, nor do we overrule Ex parte Purvis, 689 So.2d 794 (Ala.1996).’ 792 So.2d at 396 n. 2; see also Ex parte Haralson, 853 So.2d [928,] 930 n. 1 [(Ala.2003)] (‘In Cranman, although we restated the rule governing State-agent immunity, we did not address the State immunity afforded to sheriffs and deputy sheriffs for actions taken while working in the line and scope of their employment, and we did not overrule Ex parte Purvis, 689 So.2d 794 (Ala.1996).’).”
Ex parte Sumter County, 953 So.2d 1235, 1239-40 (Ala.2006).
In other words, whether a deputy sheriff would be entitled to State-agent immunity is immaterial to the question whether a deputy sheriff is entitled to State immunity. State immunity and State-agent immunity are “two different forms of immunity,” and those who qualify for State immunity “are treated differently under Alabama law” because they are constitutional officers. Suttles, 75 So.3d at 93-94. Thus, Jemison’s attempt to incorporate the analysis required for determining State-agent immunity into the analysis for determining State immunity is fruitless.

IV. Conclusion

Under the circumstances of this case, in which it is undisputed that Deputy Donald *901 son was acting in the line and scope of his employment when he performed the actions that are the basis of Jemison’s claims against him, Deputy Donaldson is entitled to State immunity. Therefore, the trial court erred in failing to grant the motion to dismiss all Jemison’s claims against Deputy Donaldson and Sheriff Huffman.
PETITION GRANTED; WRIT ISSUED.
MALONE, C.J., and WOODALL, BOLIN, and WISE, JJ., concur.

. Exceptions to State immunity for sheriffs (and their deputies) that have been recognized — but that are not applicable in this case — include actions brought
" ‘(1) to compel him to perform his duties, (2) to compel him to perform ministerial acts, (3) to enjoin him from enforcing unconstitutional laws, (4) to enjoin him from acting in bad faith, fraudulently, beyond his authority, or under mistaken interpretation of the law, or (5) to seek construction of a statute under the Declaratory Judgment Act if he is a necessary party for the construction of the statute.’ ”
Alexander v. Hatfield, 652 So.2d 1142, 1143 (Ala.1994) (quoting Parker v. Amerson, 519 So.2d 442, at 443 (Ala.1987)). In addition,
"[o]ur decisions have recognized another category of actions against State officials in which the official is not shielded from immunity, i.e., ' "valid inverse condemnation actions brought against State officials in their representative capacity.” ' Alabama Dep't of Transp. v. Harbert Int’l, Inc., 990 So.2d 831, 840 (Ala.2008) (other citations omitted). It does not appear that this Court has ever had occasion to consider whether this latter category would, in an appropriate circumstance, apply to a sheriff.”
Shelley, 53 So.3d at 891 n. 4.