STUART, Justice.
Randy Fielding petitions this Court for a writ of mandamus directing the Walker Circuit Court to vacate its order denying his motion for a summary judgment and to enter a summary judgment based on his claim to State immunity. We grant the petition and issue the writ.

Facts and Procedural History

In November 2004, Debra Jackson and Jerry Jackson sued Fielding, individually and in his capacity as a deputy sheriff, after Fielding, while he was on duty, entered their property and shot their dog. The complaint alleged claims of negligence, wantonness, the tort of outrage, intentional infliction of emotional distress, trespass to person, and trespass on property.[1] The Jacksons sought “compensatory, actual, incidental, and punitive damages, plus attorney fees.” Fielding moved for a summary judgment, arguing that because he was acting within the line and scope of his employment as a sheriffs deputy at the time of the incident, he was entitled to State immunity from the Jack-sons’ suit.
In his affidavit submitted in support of his summary-judgment motion, Fielding stated that he is a deputy for the Walker County Sheriffs Department. He explained that he and his wife were neighbors of the Jacksons and that their residences were located across the street from an elementary school. He stated that the incident that is the basis of the complaint occurred early one weekday morning before children had started arriving for school. He explained that he was on duty with the sheriffs department and that he received a telephone call informing him that his wife and their dog had been attacked in front of the Jacksons’ house by a large dog, described as a pit bull/rottweiler mix. Fielding stated that he drove to his residence to check on his wife and their dog and that he then assisted a City of Cordova police officer in locating and restraining the dog that had attacked his wife and dog. Fielding explained that he and the City of Cordova police officer found in the Jacksons’ yard an unrestrained, agitated dog matching his wife’s description of the dog that had attacked her and their dog. According to Fielding, when he and the police officer entered the Jacksons’ yard to approach the house to speak with the Jacksons about the unrestrained dog, “[t]he dog galloped toward us in a menacing manner, growling and showing his teeth.” Fielding stated that *356 the dog leapt at his neck and he shot at the dog and that he had to fire three shots before the dog ceased the attack. Fielding explained:
“The dog that was shot was loose of any restraint, free to leave its own yard, and acting viciously when I approached the [Jacksons’] house. Because of the time of day, schoolchildren would soon be arriving at the school and get off buses directly across from the [Jack-sons’] house. The school is located directly across the street from and within approximately thirty feet of the [Jack-sons’] residence. In my capacity as Deputy Sheriff, I considered the [Jack-sons’] dog to pose a danger to any pedestrians that might pass near the [Jacksons’] house, including children arriving for school.
[[Image here]]
“Before, during, and after this encounter with the dog, I was acting in my professional capacity as a law enforcement officer, sworn to protect the public and fired upon the dog only in self-defense and in defense of any other pedestrians who might enter the area, particularly the elementary school children that would soon arrive by bus across the street from the Jacksons’ home.”
Fielding also submitted an excerpt from Debra Jackson’s deposition testimony in which she stated that at the time of the incident Fielding was wearing his deputy sheriffs uniform and that a Walker County Sheriffs Department vehicle was parked in front of the Jacksons’ house.
The Jacksons opposed Fielding’s summary-judgment motion, arguing that Fielding was not entitled to State immunity because, they said, he was not acting in his official capacity as a deputy sheriff when he entered their property and shot their dog. Specifically, they argued that because the incident occurred within the police jurisdiction of the City of Cordova and, consequently, within the jurisdiction of the City of Cordova police department, Fielding, who was not an employee of the City of Cordova police department but who was rather an employee of Walker County Sheriffs Department, was acting outside the line and scope of his employment. In support of their argument, the Jacksons submitted their deposition testimony, which established that the incident occurred within the police jurisdiction of the City of Cordova. They further argued that, even if Fielding was acting within the line and scope of his employment as a deputy sheriff at the time of the incident, Fielding was not entitled to State immunity because his actions were willful and malicious. In support of this argument, the Jacksons submitted the deposition of Jerry Jackson in which he stated that he had witnessed Fielding beat the dog with his baton and use excessive force to restrain the wounded dog.
The trial court denied Fielding’s motion. Fielding petitions this Court for a writ of mandamus directing the trial court to vacate its order denying his motion for a summary judgment and to enter a summary judgment for him based on the doctrine of State immunity.

Standard, of Review

“ ‘This Court has stated:
“ ‘ “ ‘While the general rule is that the denial of a motion for summary judgment is not reviewable, the exception is that the denial of a motion grounded on a claim of immunity is reviewable by petition for writ of mandamus. Ex parte Pur-vis, 689 So.2d 794 (Ala.1996)....
[[Image here]]
“ 'Ex parte Turner, 840 So.2d 132, 135 (Ala.2002) (quoting Ex parte Rizk, 791 So.2d 911, 912-13 (Ala.2000)). A writ *357 of mandamus is an extraordinary remedy available only when the petitioner can demonstrate: “ ‘(1) a clear legal right to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) the properly invoked jurisdiction of the court.’” Ex parte Nall, 879 So.2d 541, 548 (Ala.2003) (quoting Ex parte BOC Group, Inc., 823 So.2d 1270, 1272 (Ala.2001)).'
“Ex parte Yancey, 8 So.3d 299, 303-04 (Ala.2008).”
Ex parte Jones, 52 So.3d 475, 478-79 (Ala.2010).
“In reviewing a trial court’s ruling on a motion for a summary judgment, we apply the same standard the trial court applied initially in granting or denying the motion. Ex parte Alfa Mut. Gen. Ins. Co., 742 So.2d 182, 184 (Ala.1999).
“ ‘The principles of law applicable to a motion for summary judgment are well settled. To grant such a motion, the trial court must determine that the evidence does not create a genuine issue of material fact and that the movant is entitled to judgment as a matter of law. Rule 56(c)(3), Ala. R. Civ. P. When the movant makes a prima facie showing that those two conditions are satisfied, the burden shifts to the nonmovant to present “substantial evidence” creating a genuine issue of material fact.’
“742 So.2d at 184. ‘[Substantial evidence is evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.’ West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989).”
Swan v. City of Hueytown, 920 So.2d 1075, 1077-78 (Ala.2005).

Discussion

Our caselaw is clear that sheriffs and their deputies enjoy State immunity under § 14 of the Alabama Constitution of 1901.
“ ‘Generally, sheriffs enjoy State immunity under § 14 from actions against them in their individual capacities for acts they performed in the line and scope of their employment. [Ex parte] Davis, 930 So.2d [497,] 500-01 [(Ala.2005)] (noting in an action against a deputy sheriff that “a claim for monetary damages made against a constitutional officer in the officer’s individual capacity is barred by State immunity whenever the acts that are the basis of the alleged liability were performed within the course and scope of the officer’s employment”); see also [Ex parte] Hale, 6 So.3d [452,] 457 [(Ala.2008)] (holding that acts by a sheriff, which gave rise to the plaintiffs claim against him, were taken “in the execution of his duties as sheriff,” and, thus, the sheriff was immune under § 14 from an action seeking damages against him in his individual capacity). This immunity is not unlimited and, in certain instances, § 14 does not protect sheriffs from an action against them in their individual capacity.’
“Suttles v. Roy, 75 So.3d 90, 94 (Ala.2010).
[[Image here]]
“As to deputy sheriffs, this court has held that
“ ‘deputy sheriffs are immune from suit to the same extent as sheriffs. “In general, the acts of the deputy sheriff are the acts of the sheriff. The deputy sheriff is the alter ego of *358 the sheriff.” Carr v. City of Florence, Alabama, 916 F.2d 1521, 1526 (11th Cir.1990), quoted with approval in Drain v. Odom, 631 So.2d 971, 972 (Ala.1994), and Wright v. Bailey, 611 So.2d 300, 308 (Ala.1992). “[Under Alabama law, a] deputy is legally an extension of the sheriff. If the deputy’s acts are generally considered the acts of the sheriff, it is logical that those acts should enjoy the same immunity covering the sheriffs own acts.” Carr, at 1526, quoted with approval in Wright v. Bailey, at 303.’
“Alexander v. Hatfield, 652 So.2d 1142, 1144 (Ala.1994).”
Ex parte Donaldson, 80 So.3d 895, 897-98 (Ala.2011) (footnote omitted).
Section 36-22-3, Ala.Code 1975, outlines the general duties of a sheriff and the sheriffs deputies. Section 36-22-3(4) provides: “It shall be the general duty of sheriffs in their respective counties, by themselves or deputies, to ferret out crime, to apprehend and arrest criminals.... ” A sheriff and his or her deputies are law-enforcement officers authorized to preserve peace and public order. See generally 70 Am.Jur 2d Sheriffs, Police, and Constables § 30 (2005); 80 C.J.S. Sheriffs and Constables § 71 (2010) (“As a peace officer it is the duty of a sheriff or the sheriffs deputy to preserve the peace or act as a conservator of the peace within his or her county, using such force as may be necessary to preserve the peace.”).
Fielding contends that the trial court erred in denying his motion for a summary judgment because, he says, he is entitled to State immunity from tort liability. Specifically, he argues that, when he entered the Jacksons’ yard and shot their unrestrained dog, he was acting within the line and scope of his employment as a deputy sheriff to preserve the peace and to protect the public. Fielding made a prima facie showing that at the time of the incident he was acting within the line and scope of his employment as a sheriffs deputy. He submitted evidence indicating that he was on duty at the time of the incident and that he was working with a City of Cordova police officer to protect “any other pedestrians who might enter the area, particularly the elementary school children that would soon arrive by bus across the street from the Jacksons’ home.” Hence, Fielding made a prima facie showing that when he entered the Jacksons’ property and shot their dog he was acting within the line and scope of his employment as a deputy sheriff to protect the public and to preserve the peace.
The burden then shifted to the Jacksons to present substantial evidence creating a genuine issue of material fact as to whether Fielding was acting within the line and scope of his employment as a deputy sheriff at the time of the incident. In opposition, the Jacksons presented evidence indicating that the incident occurred within the municipal limits of the City of Cordova. According to the Jacksons, because Fielding was employed by the Walker County Sheriffs Department, his actions, which occurred within the City of Cordova’s police jurisdiction, were outside the line and scope of his employment. This evidence and argument, however, do not satisfy the Jacksons’ burden of creating a genuine issue of material fact. The Jacksons do not provide this Court with any legal authority to the effect that a sheriff and/or the sheriffs deputies, especially when acting in concert with the city police, do not have authority to protect the citizens and to preserve the peace in a city located in their county. “ ‘ “Where no legal authority is cited or argued, the effect is the same as if no argument had been made.” ’ ” Suttles v. Roy, 75 So.3d 90, 98 (Ala.2010) (quoting Steele v. Rosenfeld, *359 LLC, 936 So.2d 488, 493 (Ala.2005), quoting in turn Bennett v. Bennett, 506 So.2d 1021, 1023 (Ala.Civ.App.1987)).
The Jacksons further argue that, even if their argument that Fielding is not entitled to State immunity because the incident took place in the police jurisdiction of the City of Cordova fails, Fielding is nonetheless not entitled to immunity because they presented substantial evidence showing that Fielding’s actions were willful, malicious, and exceeded the scope of his authority. Consequently, they say, a genuine issue of material fact exists as to whether Fielding is immune from tort liability. The Jacksons rely on Ex parte Cranman, 792 So.2d 392 (Ala.2000), which holds that a person, acting for the State, is not entitled to State-agent immunity when his or her actions are willful and malicious.[2] The doctrine of State-agent immunity, however, is not applicable in this case. Fielding is employed as a deputy sheriff, and the issue is whether he is entitled to State immunity under § 14 of the Alabama Constitution of 1901, not State-agent immunity under Ex parte Cranman. See Ex parte Donaldson, 80 So.3d at 900 (stating that “whether a deputy sheriff would be entitled to State-agent immunity is immaterial to the question whether a deputy sheriff is entitled to State immunity”).
The Jacksons did not satisfy their burden of establishing that a genuine issue of material fact exists as to whether Fielding is entitled to State immunity. Viewing the evidence in light most favorable to the Jacksons, we conclude that the evidence presented in support of and in opposition to the summary-judgment motion establishes that no genuine issue of material fact exists and that Fielding is entitled to State immunity from the tort claims asserted against him in the Jacksons’ action.

Conclusion

Fielding has established a clear legal right to a writ of mandamus. Therefore, we grant this petition and issue a writ directing the Walker Circuit Court to vacate its order denying Fielding’s motion for a summary judgment and to enter a summary judgment for Fielding based on the doctrine of State immunity.
PETITION GRANTED; WRIT ISSUED.
MALONE, C.J., and WOODALL, BOLIN, PARKER, MURDOCK, SHAW, MAIN, and WISE, JJ., concur.

. The Jacksons also sued the City of Cordova and various fictitiously named defendants. The City of Cordova, however, is not a party to this mandamus proceeding.

. The restated test for determining when a State employee is entitled to State-agent immunity set out in Ex parte Cranman, a plurality opinion, was adopted by this Court in Ex parte Butts, 775 So.2d 173 (Ala.2000).