[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-10103
Non-Argument Calendar

_____

D.C. Docket No. 5:16-cv-01699-MHH

THE ASSOCIATION OF COUNTY COMMISSIONS OF ALABAMA
LIABILITY SELF-INSURED FUND

Intervenor – Appellee,

GLENDA LOCKHART

Plaintiff – Appellee,

STRIGHTLINE DRYWALL & ACOUSTICAL LLC

Plaintiff – Appellee,

versus

BLAKE ROBINSON

Defendant – Appellant,

ROBERT WILSON

Defendant – Appellant,

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(June 14, 2019)

Before JORDAN, BRANCH, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Robert Wilson and Blake Robinson are deputy sheriffs in Morgan County, Alabama. They assert that the district court should have dismissed the plaintiffs' suit against them because their state-law tort claims are barred by Alabama sovereign immunity and by the Eleventh Amendment. But the deputies have not met their burden under Alabama law to show that they were acting within the scope of their employment, so they are not entitled to state-law immunity at this stage of the proceedings. And they are not entitled to sovereign immunity under the Eleventh Amendment, because the plaintiffs are suing them in their individual capacities for damages.

**I**

Glenda Lockhart, one of the plaintiffs, is a member and owner of Straightline Drywall and Acoustical, LLC ("Straightline"), a company in Morgan County that installs drywall and other products in federal buildings. Ms. Lockhart also operates a "Whistleblower Blog" that "is devoted to investigating and exposing public

2

corruption by employees of the Morgan County Sheriff's Department."  In 2015, the Whistleblower Blog reported extensively on a case involving Ana Franklin, the Morgan County Sheriff, and a dispute in which Sheriff Franklin was accused of "invest[ing] . . . $150,000 of funds collected in the Morgan County jail food account into Priceville Partners . . . a used car and title loan business" for her personal interest.  D.E. 79 at 3–4.

The plaintiffs claim that Deputies Wilson and Robinson approached Ms. Lockhart's grandson and offered to "pay him $1,000 for information on who was leaking information to his grandmother."  *Id.* at 21.  The plaintiffs allege that Deputies Wilson and Robinson gave Ms. Lockhart's grandson a thumb drive containing keylogger software to install on Ms. Lockhart's computer, software that would "record keystrokes on [her] computers in real time . . . [that could] obtain information concerning the Whistleblower Blog."  *Id.* at 22–23.  Sheriff Franklin and Deputies Wilson and Robinson allegedly instructed Ms. Lockhart's grandson to "'pilfer around' at the Straightline office and gather information."  *Id.* at 24.

The plaintiffs allege that Deputy Robinson "signed a false and misleading affidavit in order to obtain a warrant to search" (1) the home of someone suspected of being a source for the Whistleblower blog, (2) Ms. Lockhart's property, and (3) the Straightline office.  Deputies Wilson and Robinson then executed a search warrant on the Straightline office, confiscating "files and devices" that prevented

3

Straightline from "conduct[ing] business." *Id.* at 29. The files contained information about Sheriff Franklin's involvement with Priceville Partners, and the plaintiffs allege that the defendants "maliciously destroyed these documents to conceal their corruption" because the "documents did not fit within the description of the information sought as indicated by the warrant." *Id.* at 30. Finally, the plaintiffs allege that Sheriff Franklin slandered Ms. Lockhart by publishing a statement with the press accusing her of engaging in criminal activity.

Ms. Lockhart and Straightline sued Sheriff Franklin, Deputies Wilson and Robinson, and sheriff's department employee Justin Powell. The plaintiffs pled six federal and state-law claims, and sought solely monetary relief.[1] The complaint asserts federal claims for violations of the plaintiffs' First and Fourth Amendment rights under 42 U.S.C. § 1983, and for violations of the Electronic Communications Privacy Act, 18 U.S.C. § 2511. It also asserts claims under Alabama law, including intentional interference with contractual relations, civil conspiracy, invasion of privacy, and slander per se.

Deputies Wilson and Robinson moved to dismiss the state-law claims, arguing that because they were sued in their individual capacities, Alabama granted them "absolute immunity from suits for damages based upon their official acts." D.E. 107

---

[1] The plaintiffs filed a motion for a separate temporary restraining order against the defendants for the return of their property, but they voluntarily withdrew the motion.

4

at 2.  They also argued that, because they are agents of the state and the Eleventh Amendment bars the district court "from exercising jurisdiction over suits by citizens against a state or a state agent," the district court lacked subject-matter jurisdiction as to the state-law claims.

The district court denied the motion to dismiss.  The court agreed that Article I, § 14 of the Alabama Constitution granted Alabama deputy sheriffs immunity "from state law claims for damages," but only "when the conduct that forms the basis of the state-law claims was performed within the course and scope of the officer's employment."  D.E. 168 at 2.  Accepting the allegations of the complaint as true, the court found "no authority for the proposition that a deputy sheriff acts within the line and scope of his employment when he engages in bribery, intimidations, and other misconduct to silence a private citizen who has been publicly critical of the sheriff and her deputies."  *Id.* at 5.  Thus, it concluded that Deputies Wilson and Robinson were not entitled to state-law immunity.  They appealed.

## II

We review *de novo* the district court's order denying a motion to dismiss based on state-law sovereign immunity.  *See Tinney v. Shores*, 77 F.3d 378, 383 (11th Cir. 1996).  We accept the factual allegations in the complaint as true and draw

all reasonable inferences in the plaintiffs' favor.  *See Dalrymple v. Reno*, 334 F.3d 991, 994 (11th Cir. 2003).

Alabama generally grants sovereign immunity to its state executive officers, sheriffs, and deputy sheriffs pursuant to Article I, Section 14 of the Alabama Constitution of 1901.  *See Ex parte Donaldson*, 80 So.3d 895, 897 (Ala. 2011); *Ex Parte Purvis*, 689 So.2d 794, 795–96 (Ala. 1996); *Parker v. Amerson*, 519 So.2d 442, 446 (Ala. 1987).  "[A] claim for monetary damages made against a constitutional officer in the officer's individual capacity is barred by State immunity whenever the acts that are the basis of the alleged liability were performed within the course and scope of the officer's employment."  *Ex parte Davis*, 930 So.2d 497, 500 (Ala. 2005).

But "[n]o state officer," including a sheriff or deputy sheriff, "can avoid tort liability simply by claiming that his mere status as a state official cloaks him with the state's constitutional immunity."  *Ex parte Haralson*, 853 So.2d 928, 933 (Ala. 2003).  *Compare Ex parte Blankenship*, 893 So.2d 303, 305 (Ala. 2004) (granting a deputy sheriff immunity from damages arising out of a car accident because the plaintiff specifically pleaded that the deputy sheriff was acting within the scope of his authority); *Ex parte McWhorter*, 880 So.2d 1116, 1117 (Ala. 2003) (finding that state immunity applied because "[i]t [wa]s undisputed that Deputy McWhorter was

6

acting within the line and scope of his employment as a deputy sheriff at the time of the accident").

Moreover, immunity under § 14 "is an affirmative defense for which the burden of proof rests with those asserting it." *Hickman v. Dothan City Bd. of Educ.*, 421 So.2d 1257, 1259 (Ala. 1982). *See also Matthews v. Alabama A&M Univ.*, 787 So.2d 691, 695 (Ala. 2000) ("Immunity is an affirmative defense that the defendant must plead and prove."). In *Haralson*, for example, the Alabama Supreme Court denied state immunity at the motion-to-dismiss stage because the plaintiff's complaint was silent on whether the deputy sheriff was acting within the scope of his employment and the motion to dismiss failed to provide evidence that the deputy sheriff had a "clear legal right" to the immunity sought. *Haralson*, 853 So.2d at 933 ("We cannot conclude, at this early stage of the proceedings, without evidence showing at the time of the accident he was acting within the line and scope of his employment, that Deputy Haralson is entitled to immunity.").

The complaint here repeatedly alleges that the defendants acted beyond their authority by making material misrepresentations to obtain the search warrant, by searching the plaintiffs' property, by intentionally interfering with the plaintiffs' contractual relations, and by intercepting the plaintiffs' electronic communications. Yet Deputies Wilson and Robinson, in moving to dismiss, simply made the conclusory assertion that they are entitled to state-law immunity because they are

7

deputies.  Deputies Wilson and Robinson did not provide any evidence or legal authority establishing that the alleged conduct was within the scope of their duties and authority.  Without more information about whether they were acting within the scope of their employment, Deputies Wilson and Robinson have not met their burden to be entitled to state-law immunity at the motion-to-dismiss stage.

We emphasize, however, that this appeal is about whether the district court was required to dismiss the state-law claims on state-immunity grounds, not about whether the plaintiffs are entitled to relief on the merits of their claims.  If Deputies Wilson and Robinson believe, after a period of discovery, that the evidence establishes their entitlement to state-law immunity, they may seek summary judgment on this defense.

### III

The defendants also assert that they are entitled to Eleventh Amendment immunity on the state-law claims because this suit is essentially one against the state of Alabama.  "It is well established in this Circuit that Alabama sheriffs and their deputies are state officials and are absolutely immune from suit as an officer of the state under the Eleventh Amendment."  *Melton v. Abston*, 841 F.3d 1207, 1234 (11th Cir. 2016).  But "Alabama officials who have sovereign immunity when sued in their official capacities are not entitled to sovereign immunity when they are sued in their *individual* capacities under Section 1983." *Id.*

As the district court explained, the plaintiffs have sued Deputies Wilson and Robinson for damages in their individual capacities. Therefore, the Eleventh Amendment does not bar the plaintiffs' state-law claims.

## IV

For the foregoing reasons, we affirm the district court's denial of the motion to dismiss the state-law claims filed by Deputies Robinson and Wilson.

**AFFIRMED.**