[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-10002
Non-Argument Calendar
_____

D.C. Docket No. 5:16-cv-01699-MHH

GLENDA LOCKHART

Plaintiff – Appellee,

STRIGHTLINE DRYWALL & ACOUSTICAL LLC

Plaintiff – Appellee,

versus

ANA FRANKLIN

Defendant – Appellant,

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(June 14, 2019)

Before JORDAN, BRANCH, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Ana Franklin is the Sheriff of Morgan County, Alabama. She asserts that the district court should have dismissed the plaintiffs' lawsuit against her because their state-law tort claims are barred by Alabama sovereign immunity and their federal claims are barred by the Eleventh Amendment. But she has not met her burden under state law to show that she was acting within the scope of her employment, so she is not entitled to state-law immunity. And she is not entitled to sovereign immunity under the Eleventh Amendment because the plaintiffs are suing her in her individual capacity for damages. We therefore affirm.

**I**

Glenda Lockhart, one of the plaintiffs, is a member and owner of Straightline Drywall and Acoustical, LLC ("Straightline"), a company in Morgan County that installs drywall and other products in federal buildings. Ms. Lockhart also operates a "Whistleblower Blog" that "is devoted to investigating and exposing public corruption by employees of the Morgan County Sheriff's Department." In 2015, the Whistleblower Blog reported extensively on a case involving Sheriff Franklin and a dispute in which she was accused of "invest[ing] . . . $150,000 of funds collected in the Morgan County jail food account into Priceville Partners . . . a used car and title loan business" for her personal interest. D.E. 79 at 3–4.

2

The plaintiffs claim that Sheriff Franklin repeatedly said that she wanted the Whistleblower Blog shut down and Ms. Lockhart arrested. To further that scheme, two deputy sheriffs approached Ms. Lockhart's grandson and told him that "the Sheriff would pay him $1,000 for information on who was leaking information to his grandmother." *Id.* at 21. The plaintiffs allege that the deputies gave Ms. Lockhart's grandson a thumb drive containing keylogger software to install on Ms. Lockhart's computer, software that would "record keystrokes on [her] computers in real time . . . [that could] obtain information concerning the Whistleblower Blog." *Id.* at 22–23. According to the plaintiffs, Sheriff Franklin paid Ms. Lockhart's grandson $300 for some information he was able to provide, and instructed him to "'pilfer around' at the Straightline office and gather information." *Id.* at 24.

The plaintiffs allege that Sheriff Franklin lied to Ms. Lockhart's grandson by telling him that "the Whistleblower Blog was registered in his name and that it had been used to commit a felony," and threatened to arrest him if he did not cooperate. *Id.* at 24. After this threat, the grandson installed the Keylogger software on Ms. Lockhart's computer, took pictures of her files, and gave those pictures to the deputies. *Id.* at 25. Using this information, one of the deputies "signed a false and misleading affidavit in order to obtain a warrant to search" (1) the home of someone suspected of being a source for the Whistleblower blog, (2) Ms. Lockhart's property, and (3) the Straightline office.

3

The deputies then executed a search warrant on the Straightline office, confiscating "files and devices" that prevented Straightline from "conduct[ing] business." *Id.* at 29. The files contained information about Sheriff Franklin's involvement with Priceville Partners, and the plaintiffs allege that the defendants "maliciously destroyed these documents to conceal their corruption" because the "documents did not fit within the description of the information sought as indicated by the warrant." *Id.* at 30. Finally, the plaintiffs allege that Sheriff Franklin slandered Ms. Lockhart by publishing a statement with the press accusing her of engaging in criminal activity.

Ms. Lockhart and Straightline sued Sheriff Franklin, the deputies, and sheriff's department employee Justin Powell in their individual capacities for damages. [1] The plaintiffs pled six federal and state law claims, and sought solely monetary relief. The complaint asserts federal claims for violations of the plaintiffs' First and Fourth Amendment rights under 42 U.S.C. § 1983, and for violations of the Electronic Communications Privacy Act, 18 U.S.C. § 2511. It also asserts claims under Alabama law, including intentional interference with contractual relations, civil conspiracy, invasion of privacy, and slander per se.

---

[1] The plaintiffs filed a motion for a separate temporary restraining order against the defendants for the return of their property, but they voluntarily withdrew the motion.

4

Sheriff Franklin moved to dismiss the state-law claims, arguing that Alabama grants sheriffs absolute immunity from suits for damages based upon their official acts. She also argued that, because a suit against the sheriff is viewed as a suit against the state, the Eleventh Amendment bars the district court from exercising subject-matter jurisdiction over the suit.

The district court denied her motion to dismiss. The court agreed that Article I, § 14 of the Alabama Constitution granted Alabama sheriffs immunity "from state law claims for damages," but only "when the conduct that forms the basis of the state law claims was performed within the course and scope of the officer's employment." D.E. 167 at 2. Accepting the allegations of the complaint as true, the court found the plaintiffs' state-law claims to be "based on conduct undertaken for some personal motive to further some personal interest and not as a part of Sheriff Fraklin's official duties." *Id.* at 3. And there was "no authority for the proposition that a sheriff acts within the line and scope of her employment when she engages in bribery, intimidation, and other misconduct to silence a private citizen who has been publicly critical of the sheriff." *Id.* at 4. Thus, Sheriff Franklin was not entitled to state-law immunity. She appealed.

**II**

We review *de novo* the district court's order denying a motion to dismiss based on state-law sovereign immunity. *See Tinney v. Shores*, 77 F.3d 378, 383

(11th Cir. 1996). We accept the factual allegations in the complaint as true and draw all reasonable inferences in the plaintiffs' favor. *See Dalrymple v. Reno*, 334 F.3d 991, 994 (11th Cir. 2003).

Alabama generally grants sovereign immunity to its state executive officers, sheriffs, and deputy sheriffs pursuant to Article I, Section 14 of the Alabama Constitution of 1901. *See Ex parte Donaldson*, 80 So.3d 895, 897 (Ala. 2011); *Ex Parte Purvis*, 689 So.2d 794, 795–96 (Ala. 1996); *Parker v. Amerson*, 519 So.2d 442, 446 (Ala. 1987). This immunity functions as a shield for such officials "from liability for actions taken in executing the duties of their offices." *Ex parte Davis*, 9 So.3d 480, 483 (Ala. 2008).

But "[n]o state officer," including a sheriff or deputy sheriff, "can avoid tort liability simply by claiming that his mere status as a state official cloaks him with the state's constitutional immunity." *Ex parte Haralson*, 853 So.2d 928, 933 (Ala. 2003). *Compare Ex parte Blankenship*, 893 So.2d 303, 305 (Ala. 2004) (granting a deputy sheriff immunity from damages arising out of a car accident because the plaintiff specifically pleaded that the deputy sheriff was acting within the scope of his authority); *Ex parte McWhorter*, 880 So.2d 1116, 1117 (Ala. 2003) (finding that state immunity applied because "[i]t [wa]s undisputed that Deputy McWhorter was acting within the line and scope of his employment as a deputy sheriff at the time of the accident").

Moreover, immunity under § 14 "is an affirmative defense for which the burden of proof rests with those asserting it." *Hickman v. Dothan City Bd. of Educ.*, 421 So.2d 1257, 1259 (Ala. 1982). *See also Matthews v. Alabama A&M Univ.*, 787 So.2d 691, 695 (Ala. 2000) ("Immunity is an affirmative defense that the defendant must plead and prove."). In *Haralson*, for example, the Alabama Supreme Court denied state immunity at the motion-to-dismiss stage because the plaintiff's complaint was silent on whether the deputy sheriff was acting within the scope of his employment and the motion to dismiss failed to provide evidence that the deputy sheriff had a "clear legal right" to the immunity sought. *Haralson*, 853 So.2d at 933 ("We cannot conclude, at this early stage of the proceedings, without evidence showing at the time of the accident he was acting within the line and scope of his employment, that Deputy Haralson is entitled to immunity.").

The complaint here alleges that Sheriff Franklin acted beyond her authority (i.e. beyond the scope of her duties) by making allegedly slanderous statements to the press, by intentionally interfering with the plaintiffs' contractual relations, and by intercepting the plaintiffs' electronic communications. In her motion to dismiss, Sheriff Franklin simply asserts—without any factual support whatsoever—that she is entitled to state-law immunity because she serves as sheriff. And on appeal, she makes the bare conclusory assertion that the "investigation" of Ms. Lockhart occurred within the "line and scope of her employment." Appellant's Br. at 17. At

7

no time has Sheriff Franklin provided evidence (or legal authority) supporting her claim that she acted within the scope of her employment, which is essential to her affirmative defense of immunity.  We therefore cannot conclude, at the motion-to-dismiss stage, that Sheriff Franklin was acting within the scope of her employment and is entitled to state-law immunity.

We emphasize, however, that this appeal is about whether the district court is required to dismiss the claims on the basis of state-law immunity, not about whether the plaintiffs are entitled to relief on the merits of their claims.  If Sheriff Franklin believes, after a period of discovery, that the evidence establishes her entitlement to state-law immunity, she may seek summary judgment on this defense.

### III

Sheriff Franklin also asserts that she is entitled to Eleventh Amendment immunity on the state-law claims because this suit is essentially one against the state of Alabama.  "It is well established in this Circuit that Alabama sheriffs and their deputies are state officials and are absolutely immune from suit as an officer of the state under the Eleventh Amendment." *Melton v. Abston*, 841 F.3d 1207, 1234 (11th Cir. 2016).  But "Alabama officials who have sovereign immunity when sued in their official capacities are not entitled to sovereign immunity when they are sued in their *individual* capacities under Section 1983." *Id.*

8

As the district court explained, the plaintiffs have sued Sheriff Franklin for damages in her individual capacity.  Therefore, the Eleventh Amendment does not bar the plaintiffs' suit.

## IV

For the foregoing reasons, we affirm the district court's denial of the motion to dismiss filed by Sheriff Franklin.

**AFFIRMED.**